TAYLOR, APPELLEE, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S
COMPENSATION, ET AL., APPELLANTS.

(No. 39441—Decided March 30, 1966.)

10

*Messrs. Zwick & Unger* and *Mr. Leander P. Zwick, Jr.,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Donald M. Colasurd,* for appellants.

HERBERT, J. A ruling upon the third assignment of error will be dispositive of the controlling issue in this cause. This assignment of error appears in the opinion of the Court of Appeals in this language:

"The court (common pleas) erred in sustaining plaintiff's motion for a directed verdict at the conclusion of the plaintiff's case."

It is not necessary to set out an extended review of the tes-

12

timony presented by the plaintiff at the trial or the testimony proffered by the administrator in support of his answer. Suffice it to say that the testimony presented by the plaintiff, if believed by a jury, would support a judgment for plaintiff. To the contrary, the testimony proffered by the administrator, if believed by a jury, would support a judgment for the defendant administrator.

In his claim the plaintiff named Morris as his employer at the time that he received his injury. Plaintiff's testimony tended to prove that Morris was, in fact, plaintiff's employer at the time of the occurrence, but the administrator's proffered testimony tended to prove that Morris was not plaintiff's employer at such time.

Section 4123.519 of the Revised Code provides, in part, that:

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appealed therefrom."

In a *per curiam* opinion in the case of *Starr* v. *Young, Admr., Bureau of Workmen's Compensation,* 172 Ohio St. 317, at page 318, referring to Section 4123.519, Revised Code, *supra,* it is said:

"* * * This is a special statute applying to appeals from decisions of the Industrial Commission and controls over general statutes covering appellate procedure. The above-quoted mandatory provisions are jurisdictional and must be strictly complied with."

The record presents a sharp conflict between the evidence presented and that proffered. The reconciliation of such conflict of the evidence was not for the court but was exclusively within the province of the jury. The trial court erred to the prejudice of the administrator by such invasion of the province of the jury.

The Court of Appeals, in its opinion affirming the judgment of the Court of Common Pleas, held that the failure of Morris, having been served with a copy of the petition, to answer or otherwise plead admitted that he was the named employer, and that this admission was conclusive and dispositive of the case. We cannot agree with that conclusion.

The Administrator of the Bureau of Workmen's Compensation has a dual duty and responsibility, (1) to liberally construe the statutes in behalf of the injured workman, and (2) to protect the State Insurance Fund from waste or improper expenditures.

The defendant Morris was present during the trial of the cause but did not take the witness stand to deny any of the proffered evidence that he was not the employer of plaintiff.

Section 4123.519 of the Revised Code does not require an employer to participate in the defense in the event of an appeal by an injured workman to the Court of Common Pleas. The statute, in part, reads as follows:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the Industrial Commission if the Industrial Commission or the administrator rather than the employer contests the right of the claimant to participate in the fund. * * *"

It is the purpose and intendment of the Workmen's Compensation Act to protect the rights of the employee and also the integrity of the State Insurance Fund. In order that this goal be achieved in the case at bar, it was essential that testimony of the witnesses of both the plaintiff and the defendant administrator should have been submitted to the jury, and that body should have been permitted to determine the credibility of the witnesses, weigh the evidence and then return its verdict.

The Administrator of the Bureau of Workmen's Compensation is a proper party in an appeal such as presented in the case at bar. See Section 4123.519 of the Revised Code.

The same section provides that:

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund *upon the evidence adduced at the hearing of such action.*" (Emphasis added.)

It follows that the administrator should have been permit-

14

ted to "adduce" the testimony to support his answer and the issues by him to be maintained.

The denial by the trial court of the administrator's right to present his evidence to the jury was prejudicial error.

The judgment of the Court of Appeals is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.