JONES, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S
COMPENSATION, ET AL., APPELLEES.

[Cite as Jones v. Keller, Admr., 9 Ohio App. 2d 210.]

(No. 370—Decided December 19, 1966.)

*Mr. Richard N. Larrimer* and *Mr. Richard S. Hunter,* for
appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M.
Colasurd* and *Mr. James W. Rickman,* for appellee Elmer A.
Keller, Administrator, Bureau of Workmen's Compensation.

KERNS, J. This is an appeal on questions of law from a
judgment of the Court of Common Pleas of Fayette County

entered upon a jury verdict finding that the plaintiff, appellant herein, Roscoe G. Jones, was not entitled to participate in the State Insurance Fund.

On April 21, 1960, the plaintiff's right hand was caught in a lathe while he was in the course of his employment for the Colonial Stair and Woodwork Company, and, as a consequence of this injury, his right hand was amputated above the wrist.

His initial claim for benefits as a result of this injury was allowed by the Administrator of the Bureau of Workmen's Compensation, and he was paid varying amounts of compensation in addition to his medical expenses.

Approximately three years after his initial injury, the plaintiff filed another application for benefits with the administrator on the alleged ground that he had developed a psychiatric disturbance known as a psychoneurotic depression reaction.

Thereafter, the administrator disallowed the application, and the plaintiff appealed to the Dayton Regional Board of Review.

The Board of Review affirmed the decision of the administrator, and the plaintiff appealed to the Court of Common Pleas of Fayette County.

The first assignment of error challenges the propriety of that part of the trial court's general charge which provides:

"On July 16, 1963 the administrator denied the specific claim now at issue and the claimant then appealed to the Dayton Regional Board which board affirmed the administrator and issued the following order:

" '* * * it is the finding and decision of the board that claimant's motion, filed April 30, 1963 is denied for the reason the board finds that claimant's alleged psychoneurotic anxiety reaction is not the result of or related to the injury upon which instant claim is based.

" 'The order of the administrator, dated July 16, 1963 is affirmed.'

"Mr. Jones, has now appealed from this order to this court and we are hearing this matter *de novo,* meaning as a brand new case."

Specifically, the plaintiff contends that this reference to the adverse findings of the administrative agencies was an in-

vasion of his right to a new and independent trial in the Court of Common Pleas.

The Supreme Court of Ohio has held that the appeal of a claimant under Section 4123.519, Revised Code, contemplates a new trial in the Court of Common Pleas. *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St. 521. And, as a general rule, any reference at a new trial to the result of a former trial or hearing of the same cause is considered improper. 39 American Jurisprudence 208, Section 217; 53 Ohio Jurisprudence 2d 173, Section 261; 53 American Jurisprudence 394, Section 489.

The evil sought to be prevented by the application of this rule to civil actions generally is manifest, and there appears to be no valid reason to remove its application from Workmen's Compensation cases. On the contrary, the issue in such cases should be resolved objectively upon the evidence presented in the trial court through the exercise of independent judgment and without the overhanging influence of any previous decision. The parties enter the trial court upon equal footing, and Section 4123.519, Revised Code, does not contemplate that either party should be relegated to the laboriously fatiguing task of trying to overcome two adverse rulings upon the same claim.

In our opinion, the pointed disclosure of the results of previous hearings before the administrator and the Board of Review in the general charge of the trial court was unneccessary, unrelated to the ultimate issue in the case, and wholly repugnant to the concept of a trial *de novo* in the Court of Common Pleas. See *Sisk* v. *Glens Falls Indemnity Co.* (Texas Civ. App.), 310 S. W. 2d 118, 66 A. L. R. 2d 1, 5.

Accordingly, the first assignment of error is well made.

For his second assignment of error, the plaintiff contends that the following special charge should not have been submitted to the jury:

"Special Charge Number 3

"If you find from a preponderance of the evidence that Mr. Roscoe C. Jones is suffering from a nervous reaction rather than from a psychoneurotic anxiety reaction as a result of his injury of April 21, 1960, you must render a verdict for the defendants."

In this regard, Dr. Evan Halas, the plaintiff's expert medical witness, testified as follows:

"Q. Now, doctor, would you first of all define for us the term psychoneurotic anxiety reaction, what does that mean in ordinary English? A. It is a state of fear in the absence of a real cause of it, it could be a continuance as state or could be a fluctuating state of mind which could reach at times levels of panic or any other kind of unusual behavior.

"Q. Now, would a synonym for that term be a severe nervous reaction? A. It is synonymous, it means the same thing."

Thereafter, Dr. Dwight Palmer, the defendants' expert witness, testified as follows on the same subject:

"Q. Doctor, is the term nervous reaction and psychoneurotic anxiety reaction synonymous or in simpler terms are they the same? A. No, sir."

Noticeably, the testimony of these experts is in direct conflict, and therefore gave little or no assistance to the jury in resolving the question involved. However, the right to resolve the conflict was nonetheless an exclusive prerogative of the jury. It had the right to believe or disbelieve any of the witnesses.

In effect, the special charge told the jury to completely disregard the testimony of the plaintiff's witness and was erroneous in view of the fact that the plaintiff's evidence relates that the terms "psychoneurotic anxiety reaction" and "severe nervous reaction" are synonymous. Hence, the charge, as presented, should not have been submitted to the jury.

The third assignment of error also challenges the propriety of the trial court's general charge.

After referring to the plaintiff's accidental injury to his hand and the subsequent claim for benefits as the result thereof, the general charge states as follows:

"The claim was allowed and he has been receiving compensation under claim number 2227736 and will continue to receive compensation for said injuries."

The issue in this case was whether the plaintiff was entitled to participate in the fund for a condition or disability known as psychoneurotic anxiety reaction, and there was no issue presented as to any other compensation which the plaintiff

might have received in the past or might receive in the future because of the loss of his right hand. Hence, any such reference in the general charge of the court should be avoided upon retrial.

The special interrogatory which is questioned under the fifth assignment of error is objectionable for the same reason as the special charge considered under the second assignment of error.

We find no other prejudicial error in the record, but, for the reasons stated, the judgment will be, and hereby is, reversed, and the cause remanded to the Common Pleas Court for a new trial.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.