VALENTINO, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

(No. 4788—Decided July 23, 1968.)

*Messrs. Traxler, Malkoff & Schwartz,* for appellant.

*Mr. Walter J. Howdyshell,* for appellee Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

*Messrs. Manchester, Bennett, Bowers & Ullman,* for appellee Sharon Steel Corporation.

LYNCH, J. This is a workmen's compensation case which resulted in a verdict and judgment for the defendants, appellees herein.

The second assignment of error of plaintiff, appellant herein, challenges the propriety of that part of the general charge of the trial court in which the trial judge summarized the petition and answer and stated that plaintiff filed a motion requesting reinstatement of his claim which was disallowed by the administrator; that plaintiff appealed from this order to the Canton Regional Board of Review, which sustained the administrator's decision and disallowed plaintiff's application; that he appealed to the Industrial Commission, which sustained the other two decisions; and that defendant admitted that plaintiff filed a motion requesting reinstatement of his claim which was disallowed.

The trial judge continued as follows:

"* * * you have but one issue which you are to determine as an issue of fact and which you people must decide. Now, in doing this I must caution you that you are to do this *de novo*, * * *. That means as though nothing has happened prior to now. You are not to consider in your deliberations the decision of the board as outlined in the petition. You are to make this decision from the evidence you have heard in this courtroom."

The first two paragraphs of the syllabus of *Jones* v. *Keller, Admr.*, 9 Ohio App. 2d 210, are as follows:

"1. The appeal of a workmen's compensation claimant under Section 4123.519, Revised Code, contemplates a new trial in the Court of Common Pleas.

"2. It is prejudicial error for the trial court, on such appeal, to refer, in its general charge to the jury, to the previous denial by the Administrator of the Bureau of Workmen's Compensation of the 'specific claim now at issue,' and to the affirmance by the Board of Review of such denial."

Defendant contends that the above case is inapplicable to the instant case, because the court apparently failed to warn the jury that the result reached by the administrator and regional board was not to be considered by them.

The *Jones case, supra*, does not mention anything as to whether the trial court cautioned the jury that they were not to consider the decision of the administrator and regional board, but the language in the opinion indicates that any reference to the result of the hearings before the administrator and the regional board is improper.

We concur in the *Jones case, supra*, to the extent that any reference to the decisions of the various boards of the Industrial Commission by the trial court without cautioning the jury that they were not to consider such decisions in their deliberations is prejudicial error.

However, we hold that reference to the previous denials of a workmen's compensation claim by the Administrator of the Bureau of Workmen's Compensation, the regional board, or the Industrial Commission by the trial court in its general charge to the jury in summarizing the petition and answer, followed with specific instructions that

the jury is not to consider these decisions in their deliberations but is to make their decision on the basis of the evidence presented to them, is not prejudicial error. We, therefore, disagree with the *Jones case, supra*, to the extent that the *Jones case* is in conflict with the above holding.

We recognize that statements in a new trial of a case of the result of a former trial of it are regarded as a serious offense by most courts. 53 Ohio Jurisprudence 2d 173, Trial, Section 261; 53 American Jurisprudence 394, Trial, Section 489. The Supreme Court of Ohio has held that an appeal under Section 4123.519, Revised Code, contemplates a new trial in the Court of Common Pleas and is not concerned with the consideration of an erroneous dismissal by a board of review or the Industrial Commission. *State, ex rel. Federated Department Stores, Inc., v. Brown,* 165 Ohio St. 521.

The case of *Sisk v. Glens Falls Indemnity Co.* (Texas Civ. App.), 310 S. W. 2d 118, 66 A. L. R. 2d 1, states that not all pleadings in a workmen's compensation case should be read to the jury, and that it is improper to disclose to the jury the decision made by the administrative board in the same case.

The authority to file a workmen's compensation case in the Court of Common Pleas is provided for in Section 4123.519 of the Revised Code, which describes such an action as an appeal from a decision of the Industrial Commission but provides that the case shall be decided in the Court of Common Pleas upon the evidence adduced at the hearing of such action.

Therefore, we feel that the prior hearings before the various boards of the Bureau of Workmen's Compensation and the decisions of those boards are issues in a workmen's compensation case; however, we hold that if the court mentions such decisions to the jury it must specifically instruct the jury that they are not to consider those decisions in their deliberations but are to make their decision on the basis of the evidence presented to them.

We have reviewed the other assignments of error of plaintiff and find them without merit.

*Judgment affirmed.*

JONES, P. J., and O'NEILL, J., concur.