MASCI, APPELLEE AND CROSS-APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION, APPELLANT AND CROSS-APPELLEE, ET AL.

(No. 68-358—Decided May 7, 1969.)

*Mr. John F. Locke* and *Miss Mary J. Cusack,* for appellee and cross-appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. William M. Culbert,* for appellant and cross-appellee.

*Per Curiam.* Of course, in a case of this sort upon appeal to the Court of Common Pleas under Section 4123.-519, Revised Code, the only issue for determination by the trier of the facts is whether, under the evidence presented, the plaintiff-claimant is entitled to participate in the State Insurance Fund.

Under that section, the administrator, the claimant and the employer *shall* be parties to the appeal. Consequently, there is no secret as to the identity of the employer as one against whom the appeal is directed. The fact that the employer does not file an answer or appear and contest the claim is inconsequential. *Taylor* v. *Keller,* 6 Ohio St. 2d 9, 215 N. E. 2d 597.

However, the employer is definitely in the case as a defendant and that fact is apparent to all concerned.

Moreover, it would seem only natural that an affected employer, as a contributor to the State Insurance Fund, is interested in seeing that such fund is protected from improper and unlawful invasion, and that consideration no doubt motivated the General Assembly in making the employer a defendant in an appeal of a workmen's compensation case, such as the instant one.

Although we do not commend the form of the special instructions given or the form of the verdict submitted to the jury, the court in its general charge advised the jury that the sole issue for it to decide was whether plaintiff was entitled to participate in the fund, and the verdict form submitted and the jury's verdict returned thereon corresponded with the court's instructions.

Conceding, in light of the ultimate issue for determination, that the special instructions and the verdict form were objectionable, their submission was not of such gravity as to constitute prejudicial error.

The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.