## Vinson v. Bureau of Workers' Compensation
### Case No. 89AP-910
### Franklin County, (10th)
### Decided February 6, 1990
[Cite as 1 AOA 426]

*Law offices of James L. Mackin, Mr. James L. Mackin and Ms. Nan M. Still, for appellant.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Dennis L. Hufstader, for appellees The Administrator of the Bureau of Workers' Compensation and Industrial Commission of Ohio.*

FAIN, J.

Thomas L. Vinson, appellant, applied for workers' compensation regarding aggravation of a preexisting condition. Upon denial of his application by the appellee Industrial Commission of Ohio, Vinson appealed to the Franklin County Court of Common Pleas. Judgment was entered adverse to Vinson upon a jury finding that Vinson was not entitled to participate in the Workers' Compensation Fund. From the judgment against him, Vinson appeals assigning as error that the trial court should not have instructed the jury concerning the outcome of previous administrative hearings. Because the previous administrative hearings resulted in the allowance of a prior related claim by Vinson, the knowledge of which helped the jury understand the proper scope of its deliberations in this case, we hold that the trial court did not err in referring to the prior proceedings in its instructions to the jury.

It is undisputed that Vinson was involved in an automobile accident while making deliveries within the scope and course of his employment. Vinson filed an application for workers' compensation for injuries suffered in the accident. This claim was allowed on March 8, 1986, for contusion to the head and injury to the neck.

On October 19, 1987, Vinson filed a motion with the Industrial Commission which gave rise to the matter now before us. Vinson requested that his claim be amended to include aggravation of preexisting degenerative changes of the cervical spine. This motion was denied. Vinson pursued the matter through all levels of the administrative review, but to no avail. Finally, Vinson appealed the denial to the Franklin County Court of Common Pleas, pursuant to R.C. 4123.519. After trial to a jury, the motion to amend his claim was again denied.

As his sole assignment of error, Vinson asserts that:

"It is prejudicial error for the court, in its instructions to the jury, to advise the jury of the outcome of hearings held within the Industrial Commission and/or the Bureau of Workers' Compensation."

The hearings referred to in this assignment of error are those that resulted in the allowance of compensation for Vinson's head and neck injury claims. The jury was not informed that the issue upon which it would deliberate, aggravation of a preexisting condition, had been previously ruled upon adversely to Vinson. Thus, the question before us is whether it is prejudicial error to advise a jury of the outcome of a workers' compensation hearing if it was favorable to the claimant and involved a claim other than the claim presently before the jury. We conclude that it is not.

The jury charge at issue is the trial court's statement that:

"THE COURT: It is undisputed that the plaintiff was injured in the course of and arising out of employment. The claim was allowed for cervical sprain and strain and a contusion to the head, and benefits have been paid.

"The plaintiff states that conditions described as substantial aggravation of degenerative changes of the cervical spine,

is also the direct result of the injury for which this claim was allowed for the degenerative aggravation." (Tr. 2.)

When an unsuccessful workers' compensation claimant appeals an administrative decision pursuant to R.C. 4123.519, the claim must be tried *de novo* by the common pleas court. *State, ex rel. Federated Dept. Stores, Inc.,* v. *Brown* (1956), 165 Ohio St. 521. However, it is only contemplated that the adjudication be *de novo* with respect to the claim then at issue. It would have been impossible to have tried the issue of Vinson's original head and neck injuries *de novo* since his participation in the fund for these claims had been allowed over nineteen months before he filed his motion to amend and was not appealed by either party. The only issue that was before the trial court *de novo* was whether to allow amendment of the claim to include a claim for aggravation of a preexisting condition. The jury did not learn that the allowance of the requested amendment had been previously denied by the Industrial Commission. Thus, on the only issue upon which Vinson was entitled to a *de novo* hearing, he did receive one.

Vinson relies on *Jones* v. *Keller, Admr.* (1966), 9 Ohio App. 2d 210, in support of his proposition that it is error to inform the jury of the outcome of prior hearings. We do not read *Jones* to support Vinson's argument.

The Industrial Commission correctly points out that the second paragraph of the syllabus in *Jones* states the holding of that case to be that it is error to inform the jury of previous *denials* of the "specific claim now at issue." *Id.* at paragraph two of the syllabus. The *Jones* court reasoned as follows:

"The evil sought to be prevented by the application of this rule to civil actions generally is manifest, and there appears to be no valid reason to remove its application from Workmen's Compensation cases. On the contrary, the issue in such cases should be resolved objectively upon the evidence presented in the trial court through the exercise of independent judgment and without the overhanging influence of any previous decision. The parties enter the trial court upon equal footing, and Section 4123.519, Revised Code, does not contemplate that either party should be relegated to the laboriously fatiguing task of trying to overcome two adverse rulings upon the same claim." *Id.* at 212.

In the matter before us, Vinson has no "laboriously fatiguing" task because he does not have to overcome any adverse rulings, since the only ruling mentioned was favorable to him. Moreover, the decision that was mentioned concerned an issue different from the issue with which the jury was concerned.

Vinson contends that the trial court was required to give a curative instruction to the jury that it was obliged to disregard his prior victory when deciding this claim. In support of this proposition, Vinson cites *Valentino* v. *Keller* (1969), 17 Ohio St. 2d 21. We do not agree. We first note that *Valentino*, like *Jones,* involved charging the jury as to prior rulings *adverse* to the claimant. Secondly, the *Valentino* court stated that:

"In our opinion, it was not error for the trial court in its charge to refer to those adverse administrative rulings, although we believe that, where a trial court does refer to such rulings, it may on its own motion, and should, on request by the claimant *** instruct the jury, as the trial court did in this case, not to consider those administrative decisions but to base its decision on the evidence presented to it." (Citation omitted.) *Id.* at 23.

In the case before us, the trial court's reference to the fact that Vinson's claim for injuries to his head and neck had already been allowed facilitated the jury's consideration of the claimed aggravation of a preexisting condition by defining, negatively, the scope of the issue for the jury's consideration. The jury was helped to understand that it was not being asked whether Vinson had received any work-related injury (he clearly had), but whether he had sustained an aggravation to his preexisting condition as a result of that injury. Thus, in this case, unlike in the cases cited by Vinson, the references to the prior administrative proceedings *assisted* the jury in understanding the scope of its deliberation. In the cases cited by Vinson, those references may have misled or prejudiced the jury with the result that the jury failed to appreciate that its consideration of the issues was *de novo.*

At oral argument, Vinson's attorney argued that the effect of the reference to his previously allowed claim was to make Vinson appear "greedy" to the jury by seeking additional compensation. The jury was properly instructed concerning the necessary proof to support Vin-

son's claim of aggravation of a preexisting condition.

If the jury had concluded that Vinson was lawfully entitled to compensation for the jury, we must assume that it would have followed its instructions and returned the appropriate verdict, rejecting any implication that Vinson was "greedy" by seeking the compensation to which he was lawfully entitled.

In our view, the greater danger was the converse risk that a jury, in total ignorance of the previously allowed claim, confronted with clear and irrefutable evidence that Vinson had received some sort of injury in a work-related accident, would allow the claim for aggravation of a preexisting condition based solely upon its misunderstanding that otherwise Vinson would recover nothing for his injury. The reference in the instructions to the previously allowed claim avoided this risk. Vinson's sole assignment of error is overruled.

Accordingly, the sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and YOUNG, JJ., Concur.

Fain, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.