LOGARUSIC, Appellant,

v.

KING MUSICAL INSTRUMENTS, INC., et al., Appellees.

[Cite as *Logarusic v. King Musical Instruments, Inc.* (1991), 71 Ohio App.3d 280.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–14–071.

Decided March 18, 1991.

*Eric P. Allen,* for appellant.

*John E. Holcomb* and *Neil E. Klingshirn,* for appellee King Musical Instruments, Inc.

*Lee I. Fisher,* Attorney General, *Mark E. Mastrangelo* and *Fred J. Pompeani,* Assistants Attorney General, for appellees Patricia K. Barry, successor to James L. Mayfield, Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio.

---

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant, Cathy Logarusic, appeals the judgment of the trial court denying her workers' compensation benefits for her low back injury.

Appellant's claim for benefits was denied by the defendants-appellees, Industrial Commission of Ohio and the Bureau of Workers' Compensation. Pursuant to R.C. 4123.519, appellant filed an appeal to the Lake County Court of Common Pleas where the matter was tried *de novo* to a jury. At the conclusion of all the evidence, the trial court gave the following as part of its instructions to the jury:

"And in this case Cathy Logarusic has filed an action against the defendant, King Musical Instrument [*sic*] Inc., and has claimed that she sustained a compensable Worker's [*sic*] Compensation claim. The claim has been denied and therefore, she now has a right to present the claim to a jury and to request you to consider that claim.

"Now, you must disregard the fact that the claim has been disallowed, and you must proceed only on the evidence that is presented in this case. " * * * * "

The trial court further proceeded to give twenty-two pages of instructions.

The jury returned a unanimous verdict for appellees, and the trial court entered judgment on the verdict. Appellant now brings this timely appeal and assigns the following as error:

"By instructing the jury that appellant's workers' compensation claim had been denied at the administrative level the trial court erred to appellant's prejudice."

Appellant argues that the trial court's instruction informing the jury that her workers' compensation claim was denied at the administrative level denied her a trial *de novo* as guaranteed under R.C. 4123.519. Appellant concedes that a curative instruction was given but argues that this curative instruction did not remove the prejudicial effect of the improper instructions.

Appellant relies on *Jones v. Keller* (1966), 9 Ohio App.2d 210, 38 O.O.2d 217, 223 N.E.2d 657, wherein the court held that it was prejudicial error for the trial court to inform the jury of previous denials of workers' compensation benefits of the specific claim then in issue because an appeal pursuant to R.C. 4123.519 contemplates a new trial *de novo*. The court explained:

"The evil sought to be prevented by the application of this rule to civil actions generally is manifest, and there appears to be no valid reason to remove its application from Workmen's Compensation cases. On the contrary, the issue in such cases should be resolved objectively upon the evidence presented in the trial court through the exercise of independent judgment and without the overhanging influence of any previous decision. The parties enter the trial court upon equal footing, and Section 4123.519, Revised Code, does not contemplate that either party should be relegated to the laboriously fatiguing task of trying to overcome two adverse rulings upon the same claim." *Id.* at 212, 38 O.O.2d at 219, 223 N.E.2d at 659.

No curative instruction was given in the *Jones* case.

Appellees rely on *Valentino v. Keller* (1969), 17 Ohio St.2d 21, 46 O.O.2d 194, 244 N.E.2d 750, in support of their argument that the curative instruction given by the trial court removed any prejudicial error committed in the reference to the administrative denial of benefits.

In *Valentino*, the court addressed the propriety of a jury charge regarding prior adverse rulings to the claimant. The court stated:

"In our opinion, it was not error for the trial court in its charge to refer to those adverse administrative rulings, although we believe that, where a trial court does refer to such rulings, it may on its own motion, and should, on request by the claimant (*Rhoades v. Cleveland* [1952], 157 Ohio St. 107, [47 O.O. 91] 105 N.E.2d 2), instruct the jury, as the trial court did in this case, not to consider those administrative decisions but to base its decision on the evidence presented to it." *Id.*, 17 Ohio St.2d at 23, 46 O.O.2d at 195, 244 N.E.2d at 751.

The *Valentino* case was certified to the Supreme Court by the Mahoning County Court of Appeals as being in direct conflict with *Jones v. Keller, supra.*

The issue in *Valentino* involved sending pleadings to the jury. The court held:

" * * * [W]here adverse rulings of the Administrator of the Bureau of Workmen's Compensation, the Regional Board of Review and the Industrial Commission, with respect to a claim for workmen's compensation, are required to be alleged in a petition upon appeal pursuant to Section 4123.519, Revised Code, in order to set forth the basis for the jurisdiction of the court over the appeal, it is not error for a trial court in its charge to the jury to summarize those allegations of the petition with respect to such adverse administrative rulings, if the court instructs the jury not to consider those rulings but to base its decision on the evidence presented to it." *Id.,* 17 Ohio St.2d at 24–25, 46 O.O.2d at 195–196, 244 N.E.2d at 751–752.

Civ.R. 8(G), which was enacted subsequent to *Valentino* and which prohibits the reading or submission of the pleadings to the jury, except as used in evidence, changes the *Valentino* holding regarding the admissibility of the pleadings. However, Civ.R. 8(G) does not change or affect the *Valentino* holding that the improper reference to an adverse administrative ruling is not prejudicial where a curative instruction is given. See *Neuberger v. Mayfield* (Mar. 30, 1990), Trumbull App. No. 88–T–4123, unreported, 1990 WL 36325; *Wright v. Mayfield* (Oct. 13, 1987), Montgomery App. No. 10379, unreported, 1987 WL 18189.

Appellant's assignment is without merit; therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.