SHERMAN

v.

**CEDAR FAIR LIMITED PARTNERSHIP, Appellee;**
**Mayfield, Admr., et al., Appellants.**

[Cite as *Sherman v. Cedar Fair Ltd. Partnership* (1992), 79 Ohio App.3d 272.]

Court of Appeals of Ohio,
Erie County.

No. E–90–64.

Decided April 17, 1992.

*Julie M. Larson,* for appellee.

*Lee Fisher,* Attorney General, *Mark E. Mastrangelo, Cash Mischka* and *Fred J. Pompeani,* Assistant Attorneys General, for appellants.

SHERCK, Judge.

This appeal arises from a judgment entered by the Erie County Court of Common Pleas on a jury verdict rendered in a workers' compensation case. The jury found that an employee who claimed a work-related injury was not entitled to participation in his employer's self-insured workers' compensation fund. Because we find that the trial court committed prejudicial error by refusing to allow an Ohio Assistant Attorney General to identify his client, we reverse.

Appellee is Cedar Fair Limited, operator of the Cedar Point Amusement Park in Sandusky, Ohio. Appellants are the Industrial Commission of Ohio and James Mayfield in his capacity as Administrator, Ohio Bureau of Workers' Compensation.

The original dispute in this action began when a claim for workers' compensation benefits was filed by Robert Sherman, an employee of appellee. According to Sherman, on Friday, October 18, 1985, he was unloading a truck filled with sand when a portion of his load spilled into his face and eyes. Sherman stated that although he attempted to wash the sand from his eyes, one eye continued to feel irritated. The irritation increased over the weekend and on Monday Sherman reported to appellee's first aid station. The nurse at

the first aid station irrigated the eye and referred Sherman to a local ophthalmologist. Sherman's face and eye continued to swell. He was referred to a Toledo hospital where emergency surgery was performed to relieve an abscess on his right eye. The surgery did not, however, prevent the permanent loss of sight in Sherman's right eye.

Sherman filed a workers' compensation claim with appellants. Even though appellee opposed Sherman's claim throughout the administrative proceedings, Sherman prevailed. At each administrative level his claim was granted, and he received workers' compensation benefits and payments of his medical bills.

After exhausting the administrative process, appellee, pursuant to R.C. 4123.519, filed an appeal in the Erie County Court of Common Pleas. Pursuant to the procedures outlined in R.C. 4123.519(C), Sherman then filed a complaint naming appellants and appellee as defendants.

The discovery process was conducted. However, at the properly scheduled trial depositions of appellee's two medical experts, no one appeared on behalf of either appellants or Sherman. At trial, appellants objected to the admission of these depositions on the ground that appellee had failed to comply with Evid.R. 703. Specifically, appellants asserted that appellee failed to lay a proper foundation for the experts' testimony. The trial court overruled appellants' objections.

At trial, appellee made a motion that the Assistant Attorney General representing appellants, Ohio Industrial Commission and Administrator, Bureau of Workers' Compensation, be denied the right to tell the jury the identity of his clients. The court granted this motion over appellants' objections. Appellee had argued that should counsel be permitted to identify his clients the jury would perceive the alignment of the state with the claimant and the *de novo* nature of the proceedings would then be destroyed. The trial court permitted counsel for appellants to describe himself only as an Assistant Attorney General. This prompted the jury to send out a question during their deliberations seeking to find out exactly who trial counsel for appellants represented.

After deliberating, the jury found that Sherman was not entitled to workers' compensation benefits from appellee. The trial court entered a judgment on the verdict, from which appellants bring this appeal, offering the following two assignments of error:

"1. The trial court erred by precluding counsel for the Administrator and the Industrial Commission from informing the jury of the clients he represented at trial.

"2. The trial court committed prejudicial error by allowing into evidence the opinion testimony of an expert witness which was based solely on facts and opinions not admitted into evidence at trial[.]"

We will first discuss appellants' second assignment of error.

I

At trial appellants objected to the admission into evidence of a videotaped deposition by Dr. John Kotton, an ear, nose and throat specialist. In his deposition, Dr. Kotton testified that, based on his review of the medical records provided to him by appellee's counsel, it was his opinion that the abscess which led to Sherman's blindness was not caused by sand from the workplace. Instead, according to Dr. Kotton, the abscess was a complication of sinusitis and thus not job-related. Neither counsel for Sherman nor counsel for appellants had attended Dr. Kotton's deposition.

Appellants contend that the deposition of Dr. Kotton was inadmissible because his testimony was not based on facts directly perceived by him or admitted into evidence as required by Evid.R. 703. *State v. Jones* (1984), 9 Ohio St.3d 123, 9 OBR 347, 459 N.E.2d 526. However, "[e]rrors and irregularities occurring at the oral examination in the manner of taking the deposition * * * and errors of any kind which might be obviated, removed, or cured, if promptly presented, are waived unless reasonable objection thereto is made *at the taking of the deposition*." (Emphasis added.) Civ.R. 32(D)(3)(b). We believe that if counsel for Sherman or appellants had bothered to attend the deposition of Dr. Kotton and had raised the objection that his testimony was based on facts or data not perceived by him or admitted into evidence, then appellee would have been in a position to cure this objection. Therefore, we find that appellants' Evid.R. 703 objection was waived when neither counsel for Sherman nor counsel for appellants appeared at the deposition to raise this objection. Accordingly, appellants' second assignment of error is not well taken.

II

R.C. 4123.519 sets forth the procedure by which a claimant or employer may appeal an unfavorable workers' compensation administrative decision. When, as here, an employer seeks to reverse an administrative decision, it files a notice of appeal with the clerk of an appropriate court of common pleas. The statute requires that "[t]he administrator of workers' compensation, the claimant, and the employer shall be parties to the appeal and the [industrial] commission shall be made a party if it makes application therefor." R.C. 4123.519(B). Within thirty days of the filing of the appeal notice, the claimant

must file a petition delineating the basis of the claim. After the filing of the claimant's petition, the matter proceeds to trial pursuant to the Rules of Civil Procedure. R.C. 4123.519(C). The trial, which may be to the bench or to a jury, is *de novo*. *State ex rel. Federated Dept. Stores v. Brown* (1956), 165 Ohio St. 521, 60 O.O. 486, 138 N.E.2d 248, at paragraph two of the syllabus. The sole issue before the trier of fact is whether the claimant is entitled to participate in the workers' compensation fund. *Masci v. Keller* (1969), 18 Ohio St.2d 67, 69, 47 O.O.2d 190, 191, 247 N.E.2d 457, 459. Generally, any reference at the new trial to the result of a former trial or hearing is improper. *Jones v. Keller* (1966), 9 Ohio App.2d 210, 212, 38 O.O.2d 217, 219, 223 N.E.2d 657, 659. If the trier of fact on appeal determines that an administratively allowed claim should not have been paid, a self-insuring employer, as is appellant, is entitled to reimbursement from the state's surplus fund established according to R.C. 4123.34, for any amounts paid to the claimant prior to that decision. R.C. 4123.519(G). To the claimant, such an adverse decision means the loss of any future benefits which may have been awarded administratively.

■ The trial court's ruling prohibiting appellants' counsel from revealing appellants' identity to the jury is directly related to how appellee and the trial court viewed the procedures set up by R.C. 4123.519. At trial appellee argued that in order to preserve the *de novo* nature of the proceedings, the identity of appellants should be kept from the jury. According to appellee, should the identity of appellants become known, a reasonable jury would notice the identical positions taken by counsel for appellants and that of claimant. Therefore, it is argued, the reasonable jury would conclude that claimant had prevailed at the administrative level. This, appellee contends, would destroy the *de novo* nature of the proceeding and thereby prejudice appellee.

The record does not reveal the authority relied upon by appellee in support of its motion at trial.[1] On appeal, appellee has offered no authority in support of its position, nor has our independent examination of case law revealed any case from any jurisdiction wherein the identity of a named party was concealed from a trier of fact.[2] Appellee argues that even if the trial court's grant of its motion was error, appellants were not prejudiced because the

---

1. The record of the trial court alludes to the trial court's decision on the motion, but the actual motion and argument thereon are not a part of the trial record.

2. Appellee's initial brief argued that, in fact, the Assistant Attorney General did reveal his clients' names during his introduction of himself at a videotaped deposition introduced at trial. Appellants responded that the court reporter had noted on the transcript that the portion of the deposition containing the Assistant Attorney General's identification of his clients was not seen by the jury. Appellee responded that its copy of the transcript contained no such notation.

Assistant Attorney General was allowed to fully participate in the trial from opening statement to closing arguments. Thus, appellee asserts, any error was harmless. We disagree.

R.C. 4123.519(B) mandates that the Administrator of Workers' Compensation and, if it so desires, the Ohio Industrial Commission (appellants herein) shall be made parties to a statutory appeal from a workers' compensation administrative decision. The appellants are not mere nominal parties. The state has a real interest in defending its administrative decisions and, in cases involving self-insured employers, protecting the state's surplus fund. See *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 72, 11 OBR 315, 316, 464 N.E.2d 133, 135, and R.C. 4123.519(G).

As a party to a lawsuit with a real interest in the outcome, the state is entitled to no fewer rights than any other party to the suit. The most fundamental of these rights is that all parties be afforded due process of law. Section 16, Article I, Constitution of Ohio; Amendment XIV, Constitution of the United States. Due process requires, at a minimum, proper notice and an opportunity to be heard. *State ex rel. Allstate Ins. Co. v. Bowen* (1936), 130 Ohio St. 347, 4 O.O. 427, 199 N.E. 355, at paragraph five of the syllabus. We believe that the right of a party to be identified to a finder of fact is encompassed within the meaning of a party's constitutionally guaranteed opportunity to be heard. When a party has been denied substantive rights guaranteed to him by the law and the constitution, substantial justice cannot be accomplished. *Taylor v. Schlichter* (1928), 118 Ohio St. 131, 160 N.E. 610, at paragraph two of the syllabus. See, also, *Baker v. Ohio Ferro–Alloys Corp.* (1970), 23 Ohio App.2d 25, 52 O.O.2d 33, 261 N.E.2d 157. Where an error denies a party substantial justice, that error cannot be without prejudice. R.C. 2309.59. Accordingly, appellants' first assignment of error is well taken.

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and the judgment of the Erie County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed.*

PETER M. HANDWORK, P.J., GEORGE M. GLASSER and JAMES R. SHERCK, JJ., concur.

---

The transcript transmitted with the record does contain the notation that portions of depositions marked were not before the jury. Even if the Assistant Attorney General's identification had been given to the jury during the videotaped deposition, it is apparent that no juror noted that identification or it would not have been necessary during the deliberations for the jury to inquire who the Assistant Attorney General represented.