RICE, Appellant,

v.

GENERAL DYNAMICS LAND SYSTEMS et al., Appellees.

[Cite as *Rice v. Gen. Dynamics Land Sys.* (1993), 86 Ohio App.3d 841.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–82.

Decided March 24, 1993.

*Susco & Assoc.* and *Robert E. DeRose,* for appellant.

*Cory, Meredith, Witter, Roush & Cheney* and *Frank B. Cory,* for appellee General Dynamics Land Systems.

*Lee Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission of Ohio and the Ohio Bureau of Workers' Compensation.

EVANS, Presiding Judge.

Wilbur Rice appeals from a judgment of the Common Pleas Court of Allen County finding that he failed to establish his right to receive workers' compensation benefits for an alleged injury sustained in the course of, and arising out of, his employment with General Dynamics Land Systems.

On February 2, 1989, Rice was an employee of General Dynamics Land Systems working at the Lima Tank Plant as a mercury grinder operator. While working on top of a tank, he tripped on a fuel cap cover and fell on his right hip and back. Rice's accident was observed by two co-workers, Al Saam and Darryl Ogg, and was reported to the foreman. Rice indicated he was not hurt and did not find it necessary to report to the plant dispensary. In the weeks after this fall, Rice began to suffer from soreness in his back. In late May, he contacted Dr. Deering, a chiropractor, and scheduled an appointment for June 2, 1989. The day before the scheduled appointment with Dr. Deering, Rice injured his back while at work. This injury was promptly reported to the plant dispensary.

Finally, on July 7, 1989, Rice reported the February 2 injury to the plant dispensary for the first time.

On June 2, 1989, Rice completed a claim form requesting workers' compensation. Rice identified the fall on February 2, 1989, as the cause of his injury. His claim was denied by the district hearing officer. The regional board of review affirmed that order. The Industrial Commission denied review of Rice's claim.

On May 1, 1991, pursuant to R.C. 4123.519, Rice filed an action in the Common Pleas Court of Allen County contesting the denial of his claim. The complaint named General Dynamics Land Systems, the Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio as the defendants-appellees. The administrator and the Industrial Commission timely filed an answer admitting the proceedings and orders throughout the administrative process and denying every other allegation in Rice's complaint.

Although it was served a copy of the complaint and summons, General Dynamics did not timely file any responsive pleadings. On July 18, 1991, Rice filed a motion for default judgment against General Dynamics. The trial court conducted a hearing on this motion [1] and received written memoranda from Rice and General Dynamics discussing the appropriateness of default judgment. The trial court overruled the motion and granted General Dynamics leave to file its answer. On July 27, 1992, the case proceeded to trial before the court.

After considering the evidence presented, the trial court found Rice had failed to establish, by a preponderance of the evidence, his right to receive workers' compensation. The court entered judgment in favor of the defendants. From this judgment Rice appeals asserting two assignments of error, the first of which reads:

"Whether it was an abuse of discretion for the trial court to rule that it could not award a default judgment against a self-insured employer who fails to timely file an answer when the plaintiff-appellant had been unsuccessful throughout the administrative process and the administrative agencies who are a necessary party filed an answer."

In its journal entry denying default judgment the trial court framed the issue for its consideration, stating:

"May a court award default judgment to a *plaintiff-appellant* pursuant to Civ.R. 55(A) against a self-insured-appellee which fails to plead when the plaintiff-appellant has been unsuccessful throughout the administrative process and

---

1. Appellant has not provided a transcript of this hearing as part of the record presented for our review.

the administrative agencies which are necessary parties pursuant to R.C. 4123.-519 have timely filed an answer?"

The court answered this query in the negative relying in part on *Taylor v. Keller* (1966), 6 Ohio St.2d 9, 35 O.O.2d 5, 215 N.E.2d 597, and *Masci v. Keller* (1969), 18 Ohio St.2d 67, 47 O.O.2d 190, 247 N.E.2d 457. The court found that Rice would not be prejudiced by permitting General Dynamics to file a late answer because the pleadings filed by the administrator and the Industrial Commission placed the allegations in the complaint at issue. The court also indicated controversies should be decided on their merits rather than being dismissed for technical reasons. We find no error in the trial court's decision granting General Dynamics leave to file out of rule.

■ Rice contends the Administrator of the Bureau of Workers' Compensation and the Industrial Commission are not active participants in his case because General Dynamics is a self-insured employer and the state Workers' Compensation Fund is not at risk.[2] We disagree. R.C. 4123.519(B) states that the administrator, the claimant, and the employer shall be parties to an appeal to the court of common pleas, and the Industrial Commission shall be made a party if it makes application therefor. As a party to the appeal, the administrator filed an answer placing every issue, not admitted in the answer, into question. Rice, as the plaintiff-appellant, then had the obligation to prove such issues by a preponderance of the evidence regardless of whether the employer filed an answer.

■ The trial court was also correct in its statement that cases should be decided on their merits rather than on technical grounds. The trial court did not abuse its discretion in denying Rice's motion for default judgment. More important, Rice suffered no prejudice in having his case decided on its merits.

The first assignment of error is overruled.

The second assignment of error asks us to decide:

"Whether the trial court's decision in finding the plaintiff-appellant could not participate in the Ohio Workers' Compensation Fund was against the manifest weight of the evidence."

---

**2.** In his brief filed in this court, Rice attached a letter to the trial judge from the Assistant Attorney General assigned to the case. This letter indicated the administrator was not taking an active role in the appeal to the common pleas court because General Dynamics was a self-insured employer and the state Workers' Compensation Fund was not at risk. This letter was never filed with the court and is not a part of the record upon which a reviewing court may rely. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 261–262, 491 N.E.2d 1114, 1116–1117. Moreover, this letter does not remove the administrator as a party to the case.

■ The evidence is clear that Rice did in fact fall on February 2, 1989, while in the course of, and arising out of, his employment with General Dynamics. The evidence is less clear as to whether Rice suffered any harm as a result of this fall. After he fell, Rice told the shift foreman about the incident and that he did not think he was hurt or needed to report to the plant dispensary. Rice described himself as "a tough old bird." Neither Rice nor the foreman completed an accident report at that time. Rice did not miss any work as a result of the fall, nor did he take any medication. There was limited testimony from a co-worker indicating Rice was stiff and limping in the days after the incident and that other workers had to help him with certain tasks. This testimony, however, did not specifically indicate the nature of the assistance Rice received or why it was necessary. Also, the co-worker's testimony is contradicted by Rice's stating that he had no difficulty walking or standing until he suffered the second injury on June 1, 1989.

The testimony of the chiropractor, Dr. Deering, is contradictory and ambiguous. Dr. Deering stated sixty percent of his practice is devoted to patients with workers' compensation claims, with few of those patients being referred to him by the employer. The doctor contradicted himself as to whether Rice reported both work-related incidents as causes of his lower back pain. The doctor also stated Rice's second injury, suffered June 1, 1989, was a "flare-up" of the injury which resulted from the fall on February 2, 1989. However, neither the doctor nor Rice provided testimony to support this theory. The doctor consistently stated he based his conclusions about Rice's condition on the patient's case history, examination and X-rays. The doctor, however, failed to provide any medical explanation relating to his interpretation of the X-rays, which were never used as exhibits or offered into evidence. Nor is there a clear explanation of the examination the doctor gave to Rice, or its relevance to proving Rice suffered any harm as a result of the February 2 injury.

Having reviewed the record and transcripts in this case, we find no error in the trial court's granting judgment in favor of the defendants-appellees. The plaintiff-appellant failed to adequately establish his claim that he was harmed as a result of the February 2, 1989 fall and that he should receive workers' compensation benefits. The second assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW and HADLEY, JJ., concur.