OPINION
{¶ 1} Appellant, the Administrator of the Bureau of Workers' Compensation ("BWC"), appeals the March 2, 2004 judgment of the Court of Common Pleas of Shelby County, Ohio, holding that Plaintiff-Appellee, Charles E. White ("White"), was entitled to add a psychological condition to his worker's compensation claim.
 {¶ 2} White suffered an accidental injury at work on April 30, 1999 and subsequently filed a worker's compensation claim for physical injuries suffered in that accident. On September 1, 2000 the BWC Administrator issued an order allowing White's additional claim for prolonged post-traumatic stress disorder. White's employer, Continental Express, appealed. The District Hearing Officer affirmed the Administrator's order, and Continental Express appealed first to the Industrial Commission and then to the Court of Common Pleas. A jury verdict found that White had a right to participate for the additional condition.
 {¶ 3} Following the jury verdict in his favor, White filed a motion pursuant to R.C. 4123.512(F) to be awarded the costs of the expert witness fees for Frederick P. Ferri, M.D., who provided live expert testimony. Defendants Continental Express and the BWC each filed memorandums in opposition to the motion to be awarded costs. The trial court found that the fees associated with Dr. Ferri's live testimony could be taxed as costs pursuant to R.C. 4123.512(F). The BWC appealed, challenging the trial court's decision to tax Dr. Ferri's fees for in-court testimony as costs.
 {¶ 4} Before examining the merits of the appeal, we must first address the procedural matter of whether the BWC has standing to appeal this issue. White argues that the BWC does not have standing to appeal the judgment of the trial court because it was not adversely affected by that judgment. Specifically, White argues that because the expert witness fees were taxed as costs to the employer, Continental Express, and not to the BWC, the BWC was not adversely affected by the judgment and cannot challenge the award of costs.
 {¶ 5} Generally, it is well established law in Ohio that a party only has standing to appeal when it is aggrieved by the final judgment. See Midwest Fireworks Mfg. Co., Inc. v.Deerfield Twp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174,743 N.E.2d 894. In Midwest Fireworks, the Court held that a party is "aggrieved" if it has an interest in the subject matter of the litigation that is "immediate and pecuniary" rather than "a remote consequence of the judgment." Id. at 177. "Such party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court." In re Guardianship of Love
(1969), 19 Ohio St.2d 111, 113 (citing Ohio Contract CarriersAss'n v. Pub. Util. Comm. (1942), 140 Ohio St. 160, 161,42 N.E.2d 758, 759); see also Willoughby Hills v. C.C. Bar'sSahara, Inc. (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203,1205. Moreover, a "future, contingent, or speculative" interest in the litigation is not sufficient to confer standing to appeal.Ohio Contract Carriers, 140 Ohio St. at 161.
 {¶ 6} In the instant case, we think it is clear that the BWC has not been aggrieved by the lower court decision to tax the costs for the expert witness to the employer. While the BWC is conferred the responsibility of protecting the integrity of the fund, see State ex rel. Wiemer v. Industrial Comm. (1980),62 Ohio St.2d 159, the lower court decision to tax the costs to the employer will not affect the fund. Therefore, the BWC has no "immediate and pecuniary" interest in the subject matter of this appeal that has been prejudiced by the award of costs. Consequently, the BWC is not an "aggrieved" party in this particular case.
 {¶ 7} The BWC argues that they have standing to appeal because R.C. 4123.512 requires that the Administrator be made a party to an appeal from a workers' compensation administrative hearing. See R.C. 4123.512(B). In addition, the BWC directs us to the Sixth District Court of Appeals decision in Sherman for the proposition that the Administrator is not a "nominal party."Sherman v. Cedar Fair Ltd. Partnership (1992),79 Ohio App.3d 272,277, 607 N.E.2d 84. The BWC urges us to find standing based on the fact that it has "a real interest in defending its administrative decisions and . . . [in] protecting the state's surplus fund." Id.
 {¶ 8} However, those interests are not at stake in this appeal. Sherman dealt with questions pertaining to the rights of the BWC to participate in appeals from the workers' compensation administrative decisions. Id. Those rights are not in question before this court. White is not challenging the fact that the Administrator was made a party to the case, but whether that party can appeal this particular issue. The decision to tax costs to the employer does not affect the fund, and it does not affect the administrative decision below. The interests at stake supporting the legislative requirement that the Administrator be made a party to an appeal from the administrative decision are not implicated in this appeal.
 {¶ 9} Put simply, R.C. 4123.512(B) grants the Administrator, and the commission if they so choose, the right to participate in statutory appeals. Thereafter, they are a party to the litigation and, as the court held in Sherman, are entitled to the same rights as any party to a lawsuit. Sherman,79 Ohio App.3d at 277. They are not, however, entitled to more rights than any other party. Had the expert witness fees in this case been taxed to the BWC, we think it clear that Continental Express would lack standing to appeal that aspect of the decision, because they were not aggrieved. By the same token, the BWC is not an aggrieved party in this case.
 {¶ 10} We are aware that R.C. 4123.512(F) provides that the court may tax the costs of an appeal from the administrative decision to the commission under certain circumstances. Pursuant to R.C. 4123.512(F), such costs "shall be taxed against . . . the commission" if it is the commission, rather than the employer, who is challenging the right of the employee to participate in the system. However, we find that this fact is insufficient to make the BWC "aggrieved" in this case. As previously noted, "a future, contingent or speculative interest is not [a] sufficient" interest to confer standing. Ohio Contract Carriers,140 Ohio St. at 161. Moreover, were we to decide the merits of this case, there is no remedy that we could provide to the BWC. As the Supreme Court noted in Ohio Contract Carriers, "[a]ppeals are not allowed for the purposes of settling abstract questions, . . . but only to correct errors injuriously affecting the appellant." Ohio Contract Carriers, 140 Ohio St. at 161
(citations omitted); see also Germanoff v. Aultman Hosp., 5th Dist. No. 2001CA00306, 2002-Ohio-5054, at ¶ 56, citing State v.Bistricky (1990), 66 Ohio App.3d 395, 397.
 {¶ 11} In short, the fact that a decision on the merits today could affect the BWC in some future case is insufficient to establish standing before us in this case. The BWC has not been aggrieved by the final order of the court of common pleas, and therefore lacks standing to bring this appeal. For the foregoing reasons, the BWC's appeal of the March 2, 2004 judgment of the Court of Common Pleas of Shelby County, Ohio is hereby dismissed for lack of standing.
Appeal Dismissed.
 Cupp and Bryant, J.J., concur.