OPINION
{¶ 1} This is an appeal from the Common Pleas Court of Stark County, Juvenile Division, which found Appellant in contempt, imposed a jail sentence for this and a prior contempt finding. Appellant was not present at this hearing.
 {¶ 2} No Appellee's brief has been filed in response.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The history of this case in regard to the issue presented is that on June 30, 2003, Appellant was found guilty of contempt for non-payment of child support. A 30-day jail sentence was imposed but suspended. We are not now concerned with the basis of such sentence.
 {¶ 4} On April 28, 2005, Appellee filed a motion to again hold Appellant in contempt for non-payment of such support along with an affidavit in support thereof.
 {¶ 5} An order to appear on May 31, 2005, was issued reciting potential sentencing for non-appearance or proof of contempt as asserted. Appellant appeared pursuant to the order of April 28, 2005, but requested a continuance to obtain legal counsel through the public defender's office.
 {¶ 6} The Court form indicates the request was denied but the evidentiary hearing was rescheduled to June 30, 2005.
 {¶ 7} Appellant failed to appear on June 30, 2005, even though his counsel was present and had reminded him of the hearing. (Tr. 3).
 {¶ 8} At the conclusion of Appellee's evidence, the court reimposed the 30-day jail sentence of 2003, added a consecutive 60-day incarceration, together with a $500.00 fine.
 {¶ 9} No bench warrant was issued prior to the imposition of the sentence but subsequent thereto, on July 5, 2005, a capias ordered his arrest.
 {¶ 10} Appellant raises one Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED WHEN IT TRIED MR. BURCH FOR CRIMINAL CONTEMPT IN ABSENTIA IN VIOLATION OF RULE 43(A) OF THE CRIMINAL RULES OF PROCEDURE."
 I. {¶ 12} The Assignment of Error references Criminal Rule 43(A):
 {¶ 13} "(A) Defendant's presence. The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes."
 {¶ 14} This issue was presented to the Seventh District Court of Appeals in Cermak v. Cermak (1998), 126 Ohio App.3d 589. (A discretionary appeal to the Ohio Supreme Court was not allowed.82 Ohio St.3d 1450).
 {¶ 15} Revised Code § 2705.02(A) was quoted by such court to clearly indicate the criminal nature of the contempt proceedings.
 {¶ 16} It states:
 {¶ 17} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer."
 {¶ 18} The Seventh District Court then held:
 {¶ 19} "A criminal contemnor is afforded the same constitutional rights and privileges as a defendant in a criminal action, including the right to due process. See Schrader v.Huff (1983), 8 Ohio App.3d 111, 112, 8 OBR 146, 147-148,456 N.E.2d 587, 587-588. At a minimum, due process of law requires proper notice and an opportunity to be heard. See Mathews v.Eldridge (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. See, also, Sherman v. Cedar Fair Ltd. Partnership (1992),79 Ohio App.3d 272, 277, 607 N.E.2d 84, 87. This includes the right to be present at every stage of his or her trial, absent waiver or other extraordinary circumstances. See State v. Williams
(1983), 6 Ohio St.3d 281, 286, 6 OBR 345, 349-350,452 N.E.2d 1323, 1329-1330. For even a criminal contemnor who had not waived his right to be present could not be tried and sentenced in absentia. Adams v. Epperly (1985), 27 Ohio App.3d 51, 27 OBR 54, 499 N.E.2d 374, syllabus."
 {¶ 20} Such court concluded that the Appellant contemnor could have been subject to a bench warrant for his failure to appear but, in the absence of such or other procedure mandating his presence, he could not have been punished in absentia.
 {¶ 21} Upon review, in the case sub judice, we find that the trial court erred in sentencing Appellant in absentia.
 {¶ 22} Based on the foregoing, we sustain the Assignment of Error, vacate the imposition of the incarceration and fine and remand this cause for further proceedings consistent herewith.
Boggins, J. Farmer, J. concurs and Hoffman, P.J. concurs in part and dissents in part.