PREVITE, Appellee,

v.

PIUNNO et al.; Midwest Real Estate Partners, L.L.C., Appellant.

[Cite as *Previte v. Piunno,* 187 Ohio App.3d 761, 2010-Ohio-1747.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 93196 and 93329

Decided April 22, 2010.

Webster, Dubyak & Weyls Co., L.P.A., Timothy J. Weyls Jr., and Robert J. Dubyak; Reisenfeld & Associates, L.P.A., and Matthew C. Steele, for appellee.

Dworken & Bernstein Co., L.P.A., Keith R. Kraus, and Grant J. Keating, for appellant.

JAMES J. SWEENEY, Judge.

{¶ 1} Defendant-appellant, Midwest Real Estate Partners, L.L.C. ("Midwest"), appeals the trial court's judgments that granted plaintiff-appellee Myrna Previte's motion for default judgment and denied Midwest's motion for relief from judgment. For the reasons that follow, we reverse the judgment and remand the cause.

{¶ 2} Previte filed her complaint on September 17, 2008, naming three defendants: Kevin M. Piunno, Midwest, and R & A Agents, Inc. ("R & A").[1] The record reflects service of the summons and complaint on R & A by certified mail in September 2008. Previte failed to obtain service on either Midwest or Piunno at that time. On November 3, 2008, Previte attempted service on Midwest by certified mail to the Ohio Secretary of State. The record contains proof of service from the Ohio Secretary of State indicating that it served Midwest by certified mail at an "available address of the company" pursuant to R.C. 1705.06(H) and that "service upon the company shall be deemed to have been made."

{¶ 3} At the case-management conference held in December 2008, the court indicated that if Midwest failed to answer or otherwise plead, the scheduled January pretrial would be converted to a default hearing. The matter was subsequently set for a default hearing on February 5, 2009.

{¶ 4} On February 5, 2009, Previte filed her motion for default judgment against Midwest, together with an affidavit for damages. On that same date, the trial court instructed Previte to obtain service on Piunno by March 26, 2009, in order to avoid the potential dismissal of her claims against him. On February 6, 2009, the trial court granted Previte's motion for default judgment against Midwest in the amount of $210,970.45, plus interest and costs, based upon Previte's affidavit. According to Previte's affidavit, Midwest owed her $189,870.02 in commissions related to "Fifth Third Commissions" and $21,100.43 related to "Questex Commissions."

{¶ 5} Previte filed instructions for service on Piunno on February 19, 2009.

---

1. Although R & A was named as a party and not in its capacity as a statutory agent, the body of Previte's complaint contains an averment that "Defendant R & A serves as Statutory Agent for Defendant–Midwest." Piunno denied this in his answer filed on March 19, 2009, and he is not a party to this appeal. Midwest never answered but has indicated that R & A was identified as its statutory agent on the records of the Ohio Secretary of State. In its motion to vacate, Midwest acknowledged that it "failed to update the records maintained by the Ohio Secretary of State. Those records still identify Roetzel & Andress law firm's service corporation as Midwest's statutory agent. Midwest has not had a relationship with that law firm since they organized Midwest 10 years ago and Midwest should have, at some point, updated the Secretary of State records."

{¶ 6} On February 26, 2009, counsel entered an appearance on behalf of Midwest, and a motion to vacate the judgment against it was filed on March 3, 2009. Among other evidence, Midwest submitted an affidavit from its sole manager (Piunno) and numerous e-mails purporting to be from Previte, f.k.a. Myrna Rodriguez, which made demands for various balances and expenses allegedly due her, including "[a]n outstanding balance 5/3 & bonus — $30.000" and "[a]n estimated 50% transactions in progress split which will vary based on if they are executed in a timely matter." There are no itemized amounts in the e-mails that would seemingly correspond to the damages set forth in the affidavit submitted in support of the motion for default judgment.

{¶ 7} Midwest appealed the default judgment in March 2009, but the case was dismissed pursuant to Civ.R. 54(B). On April 15, 2009, the trial court denied Midwest's motion to vacate, and Previte voluntarily dismissed her claims against Piunno. Midwest appeals both the default judgment as well as the denial of its motion to vacate, which appeals have been consolidated, and presents two assignments of error for our review.

{¶ 8} "I. The default judgment entered against appellant was void for insufficient service of process."

{¶ 9} As an initial matter, this court has previously observed, "default judgments are not favored where large sums of money are involved." *Kucbel v. Graham* (Jan. 14, 1982), Cuyahoga App. No. 43571, 1982 WL 2291, *2, citing *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 18 O.O.3d 442, 416 N.E.2d 605. Cases should be decided upon their merits rather than technicalities. *Bank One Cincinnati v. Wells* (Sept. 18, 1996), Hamilton App. No. C–950279, 1996 WL 526702, citing *Rice v. Gen. Dynamics Land Sys.* (1993), 86 Ohio App.3d 841, 844, 621 N.E.2d 1304.

{¶ 10} "A trial court is without jurisdiction to render judgment or to make findings against a person who was not served [a] summons, did not appear, and was not a party in the court proceedings. A person against whom such judgment and findings are made is entitled to have the judgment vacated." *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, paragraph one of the syllabus. Service of process must comply with both the Civil Rules and the requirements of due process. *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 405–406, 16 O.O.3d 436, 406 N.E.2d 811.

{¶ 11} Midwest maintains that the default judgment is void due to insufficiency of service.[2] Specifically, Midwest asserts that Previte failed to

---

2. A motion to vacate judgment on jurisdictional grounds is a direct attack upon a judgment authorized by common law, and constitutes an allegation that the judgment is void. *Lincoln Tavern v. Snader* (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606.

perfect service as provided in Civ.R. 4.2 because Previte did not serve it through its statutory agent R & A. Instead, Previte named and served R & A as a party defendant.

{¶ 12} Civ.R. 4.2(F) provides:

{¶ 13} "Service of process * * * pursuant to Civ.R. 4 through 4.6 shall be made as follows:

{¶ 14} "(F) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation."

{¶ 15} There is no dispute that R & A was identified as Midwest's statutory agent on the records of the secretary of state. Therefore, had Previte actually served Midwest through R & A, we could readily ascertain sufficiency of service of process on Midwest upon the statutory agent's receipt, regardless of Midwest's proffered excuses. Specifically, we expressly reject Midwest's efforts to create an exception for effective service based upon its own neglect and failure to update its agent for service of process with the Ohio Secretary of State. The law mandates that each limited-liability company "maintain continuously in this state an agent for service of process on the company." R.C. 1705.06(A).

{¶ 16} But Previte did not serve Midwest with the complaint through its agent R & A. Instead, Previte attempted to serve Midwest by certified mail to "600 Superior Avenue East, Cleveland, Ohio 44114." When that failed, Previte still did not attempt to serve Midwest through R & A but instead sought to achieve service through the secretary of state pursuant to R.C. 1705.06(H). That statute provides for service of process through the secretary of state under specified circumstances: "if the agent * * * cannot be found or no longer has the address that is stated in the records of the secretary of state or the limited liability company has failed to maintain an agent as required by this section and if the party or the agent or representative of the party that desires service of the process, notice, or demand files with the secretary of state an affidavit that states that one of those circumstances exists and states that the most recent address of the company that the party who desires service has been able to ascertain after diligent search." Because R & A was the record statutory agent of Midwest and was located at the address stated in the records of the secretary of state, the provisions of R.C. 1705.06(H) did not apply.

{¶ 17} Previte would have us deem service of process effective on Midwest by virtue of the fact that she named and independently served R & A as a party defendant. Yet it is improper to name the statutory agent as a party defendant

when the plaintiff fails to state a claim against that party. See Civ.R. 12(B)(6). Previte provides no precedent or authority that would deem service of process effective upon an Ohio limited-liability company by naming the statutory agent separately as a party defendant. Furthermore, we believe that a finding to that effect is both unjustified and procedurally unsound. Such a practice could lead to collateral and negative effects on statutory agents and impede judicial economy by including, as nominal parties, persons or entities against whom the plaintiff is not advancing any claims.

{¶ 18} This pleading irregularity has ultimately created an issue as to whether Midwest ever received notice of the lawsuit. The only evidence submitted on this point was the affidavit of Piunno, who is Midwest's sole manager, averring that R & A never notified Midwest of Previte's complaint. R & A itself never entered an appearance in this matter or responded to the complaint and remains a nominal party to this day.

{¶ 19} It is also noted from the record that Midwest's attorney corresponded with Previte directly concerning the matters involved in this litigation as early as 2006, and also with an attorney from Roetzel & Andress, who was apparently representing Previte in 2007. The record suggests that R & A is affiliated with the Roetzel & Andress law firm. There is some authority, albeit limited, that a statutory agent with an interest antagonistic to the defendant corporation, such as representing plaintiff in her claims against the defendant corporation, would render service on the statutory agent ineffectual in conferring jurisdiction over the corporate defendant "even though the statute expressly provides for service on one in such relation." See *Walsh v. Commercial Vehicle Motors Co.* (1917), 28 Ohio Dec. 603, 20 Ohio N.P. (N.S.) 159.

{¶ 20} "The purpose of process is to notify the defendant of proceedings and afford the defendant the opportunity to appear and defend and is therefore valid when the defendant is accorded a fair opportunity to be apprised of the proceedings." *Thomas Steel, Inc. v. Am. Fabricators* (Dec. 6, 1984), Cuyahoga App. No. 48184, 1984 WL 6352, citing *Krabill v. Gibbs* (1968), 14 Ohio St.2d 1, 235 N.E.2d 514. On this record, it can be determined only that service of process was perfected on R & A as a party defendant. Service on a statutory agent in its capacity as a named defendant cannot be logically extended to constitute effective service of process on a separate defendant (here a limited-liability company), especially when the plaintiff never attempted service of process on the company defendant through its statutory agent.

{¶ 21} Accordingly, the first assignment of error is sustained. The default judgment is reversed, and the matter is remanded for further proceedings.

{¶ 22} "II.  The trial court erred and abused its discretion by denying the motion for relief from judgment filed by appellant."

{¶ 23} The disposition of the first assignment of error renders the second assignment of error moot.   App.R. 12(A)(1)(c).

Judgment reversed<br>and cause remanded.

McMONAGLE, P.J., and BLACKMON, J., concur.