[Cite as *S & S Quality Remodeling v. Phoenix Remediation*, 2014-Ohio-4609.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

S & S QUALITY REMODELING             :

    Plaintiff-Appellee             :        C.A. CASE NO. 26091

v.                                   :        T.C. NO.   13CV7543

PHOENIX REMEDIATION, et al.          :     (Civil appeal from
                                  Common Pleas Court)

    Defendants-Appellant           :

                               :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    17th    day of    October   , 2014.

. . . . . . . . . .

KYLE D. MURRAY, Atty. Reg. No. 0084080 and ANDREW J. FERGUSON, Atty. Reg. No.  0090594, 5716 Signal Hill Court, Suite A, Milford, Ohio 45150
      Attorneys for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P. O. Box 15353, Wyoming, Ohio 45215
      Attorney for Defendant-Appellant

KEVIN CONNELL, Atty. Reg. No. 0063817, One Dayton Center, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Phoenix Remediation, LLC (hereinafter "Phoenix"),

appeals a decision of the Montgomery County Court of Common Pleas, Civil Division, granting plaintiff-appellee S & S Quality Remodeling, LLC's (hereinafter "S & S") motion for default judgment. Phoenix filed a timely notice of appeal with this Court on February 18, 2014.

{¶ 2}    On December 11, 2013, S & S filed a complaint alleging breach of contract and conversion against Phoenix as a result of non-payment of a sub-contractor's agreement in the amount of $38,343.20. Phoenix's statutory agent for service was listed on the Ohio Secretary of State's website as Stephen Tamanko located at 607 Redna Terrace, Suite 600, Cincinnati, Ohio 45215. Accordingly, S & S directed service of summons of the complaint to Tamanko at the listed address. S & S also sent Phoenix's counsel, Glenda A. Smith, a courtesy copy of the complaint via e-mail. The record suggests that Tamanko died on November 22, 2013, approximately three weeks before S & S's complaint was filed. Phoenix, however, failed to appoint a new statutory agent pursuant to R.C. 1705.06(D) before the complaint was sent to Tamanko's address.

{¶ 3}    Service of summons was subsequently issued by the Montgomery County Clerk upon Phoenix at Tamanko's address on December 11, 2013. The service of summons was returned claimed, but the signature was illegible. S & S filed a motion for default judgment on January 15, 2014, arguing that Phoenix had been properly served with the complaint but had failed to file an answer. Twelve days later, on January 27, 2014, Phoenix filed an answer to S & S's complaint without motion for leave to file an untimely answer. On the same day, Phoenix filed a response to S & S's motion for default judgment wherein it sought to explain the basis for its failure to file a timely answer. In its response, Phoenix

included language asking the trial court to vacate its grant of default judgment, despite the fact that the court had not ruled on S & S's motion for default judgment.[1] On January 29, 2014, S & S filed a reply to Phoenix's response to the motion for default judgment. The trial court issued an order granting S & S's motion for default judgment in the amount of $38,343.20 on January 31, 2014.

{¶ 4} As a result of the default judgment, S & S now appeals.

{¶ 5} S & S's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED IN FAILING TO VACATE THE DEFAULT JUDGMENT."

{¶ 7} In its sole assignment, Phoenix contends that the trial court erred when it failed to vacate its grant of default judgment in favor of S & S.[2] Specifically, Phoenix argues that the record establishes that S & S initially sent service of the complaint to the wrong address. As a result, Phoenix asserts that it did not receive service of the complaint until late January of 2014, and the default judgment was, therefore, void due to insufficiency of service. Therefore, Phoenix argues that the trial court lacked personal jurisdiction to rule on the motion for default judgment.

{¶ 8} Default judgments are governed by Civ.R. 55. That Rule provides:

---

[1] We note that in its merit brief, S & S mischaracterizes Phoenix's "Response to Motion for Default Judgment or Set Aside Default Judgment" solely as a premature motion to vacate default judgment. While the response does in fact contain language wherein Phoenix requests that the trial court vacate its grant of default judgment, the majority of the response focuses on providing an explanation for failing to file a timely answer to S & S's complaint.

[2] This assignment mischaracterizes what occurred below as the judgment appealed from is the grant of a default judgment, not the denial of a Civ. R. 60(B)

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.] * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

The decision to grant a default judgment is reviewed for an abuse of discretion. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012 CA 37, 2012-Ohio-5095, ¶ 5. As this Court has noted:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

*Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 9}** Civ.R. 12(A)(1) provides that a defendant must file an answer to a complaint within 28 days after service of the complaint and summons. Proper methods of service include residential service and service by certified mail. Civ.R. 4.1(A) and (C).

---

motion to vacate judgment.

{¶ 10}  Civ. R. 4.2 provides in pertinent part:

Service of process pursuant to Civ. R. 4 through Civ. R. 4.6 * * * shall be made as follows:

(G) Upon a limited liability company by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1); or by serving a manager or member;

* * *

{¶ 11}  There is no dispute that Tamanko was identified as Phoenix's statutory agent on the records of the Ohio Secretary of State.   Accordingly, S & S acted appropriately when it sent service of the complaint by certified mail to Tamanko who was listed, at the time, as the statutory agent for S & S.  Appellee did not dispute that Tamanko passed away on November 22, 2013.  Nevertheless, Phoenix failed to appoint another statutory agent to replace him by the time S & S filed its complaint and attempted service on December 11, 2013. See *Previte v. Piunno*, 187 Ohio App.3d 761, 2010-Ohio-1747, 933 N.E.2d 1127, ¶ 15 (8th Dist.) (wherein the appellate court rejected defendant's "efforts to create an exception for effective service based upon its own neglect and failure to update its agent for service of process with the Ohio Secretary of State.  The law mandates that each limited-liability company 'maintain continuously in this state an agent for service of process on the company.' R.C. 1705.06(A).").

{¶ 12}  R.C. 1705.06(D) states as follows:

(D) If any agent described in division (A) of this section *dies* ***, the

limited liability company *shall appoint forthwith another agent* and file with the secretary of state, on a form prescribed by the secretary of state, a written appointment of the agent and acceptance of appointment as described in division (B)(2) of this section.

(Emphasis added).

**{¶ 13}** The record establishes that S & S sent the complaint and summons to Phoenix's registered agent, Tamanko, by certified mail, return receipt requested, at 607 Redna Terrace, Suite 600, Cincinnati, Ohio 45215. The return receipt was signed, albeit illegibly, and returned to the clerk to signify successful service. The returned receipt is prima facie evidence that service was successful and proper. See *Rita Ann Distributors v. Brown Drug Co.*, 164 Ohio App.3d 145, 2005-Ohio-5786, 841 N.E.2d 400, ¶ 19 (2d Dist.). Although the signature on the return receipt was illegible, S & S was correct to presume that the receipt was signed by an individual authorized to do so because it had been sent to Tamanko who was listed with the Ohio Secretary of State as Phoenix's statutory agent for service. Pursuant to the unequivocal language in R.C. 1705.06(D), it was incumbent upon Phoenix to appoint a new statutory agent in the event of Tamanko's death. Phoenix's failure to comply with its statutory duty cannot be used as a means to evade S & S's attempt to perfect service of the complaint. Therefore, we conclude that S & S followed all applicable statutory guidelines and rules when it sent service of the complaint via certified mail to Phoenix's statutory agent listed as such with the Ohio Secretary of State. Thus, service of the complaint upon Phoenix was valid, and the trial court had personal jurisdiction over the parties to the instant litigation.

**{¶ 14}** Further, we note that S & S produced evidence which established that in addition to sending service of the complaint to Tamanko via certified mail pursuant to Civ. R. 4.2, it also e-mailed a copy of the complaint to Phoenix's counsel, Attorney Smith, on December 11, 2013.[3] Counsel for Phoenix does not dispute the claim that she was sent a copy of the complaint via e-mail on the same day that it was sent to the statutory agent's address. We also note that Phoenix failed to file a motion for leave to file an untimely answer pursuant to Civ. R. 6(B) prior to filing its answer to S & S's complaint on January 27, 2014. In light of the foregoing, we find that the trial court acted within its discretion when it granted default judgment to S & S against Phoenix in the amount of $38,343.20.

**{¶ 15}** As a final matter, Phoenix's argument that the default judgment should have been vacated is not properly before us. Phoenix sought relief from a judgment that had not yet been entered. Phoenix may still file a Civ. R. 60(B) motion in the trial court setting forth a rationale justifying relief from the default judgment distinct from the statutory agent issue. Moreover, Phoenix should include an affirmative defense to the claims asserted by S & S in its complaint, if any exist.

**{¶ 16}** Phoenix's sole assignment of error is overruled.

**{¶ 17}** Phoenix's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

---

[3]In its brief, appellee asserts that it had been in discussions with appellant and its counsel for approximately four months prior to the filing of the complaint in an effort to resolve the matter of the outstanding balance.

Copies mailed to:
Kyle D. Murray
Andrew J. Ferguson
Glenda A. Smith
Kevin Connell
Hon. Dennis J. Langer