[Cite as *Ithaca Distrib., Inc. v. High Std. Mfg. Co.*, 2015-Ohio-223.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

ITHACA DISTRIBUTION, INC.,

    PLAINTIFF-APPELLEE,         CASE NO. 16-14-05

    v.

HIGH STANDARD
MANUFACTURING COMPANY,        O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Wyandot County Common Pleas Court
Trial Court No. 14-CV-0040

Judgment Reversed and Cause Remanded

Date of Decision: January 26, 2015


APPEARANCES:

    *Rocky Ratliff* for Appellant

    *Mark J. Ellis* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant High Standard Manufacturing Co. ("HSM") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County denying its motion for relief from judgment. For the reasons set forth below, the judgment is reversed.

{¶2} On May 5, 2014, Plaintiff-appellee Ithaca Distribution, Inc. ("Ithaca") filed a complaint alleging that HSM owed Ithaca money for products delivered to HSM. Doc. 1. Service of the complaint was successful on May 12, 2014. Doc. 3. The on-line docket for the trial court listed the successful service as follows:

> **5/19/14 CM Success on HIGH STANDARD MANUFACTURING CO 051214.**

Doc. 6, Exhibit A. On June 10, 2014, Ithaca filed a motion for default judgment. Doc. 4. The trial court granted the motion on June 11, 2014. Doc. 5.

{¶3} HSM filed a motion for relief from the default judgment pursuant to Civil Rule 60(B) on Monday, June 16, 2014. Doc. 6. The attached affidavit indicated that the paralegal who had reviewed the docket had mistakenly believed that the answer was due on June 16, 2014 after reviewing the on-line docket of the court. *Id.* at Ex. B. The paralegal had thought the numbers 051214 were a tracking number, and that the date of service was May 19, 2014. *Id.* The attorney's affidavit indicated that after reviewing the on-line docket, he also believed the date of service was May 19, 2014. *Id.* at Ex. D. On Friday, June 13,

2014, HSM's counsel contacted Ithaca's counsel requesting an extension for the answer date and learned that Ithaca had already been granted a default judgment. *Id*. Counsel stated in his affidavit that when he viewed the docket in large font, the numbers 051214 did not appear, but were visible when he reduced the font size. *Id*. Counsel indicated in his affidavit that he relied on the date of May 19, 2014 as the service date and was mistaken in doing so. *Id*. Along with the motion for relief from judgment, HSM filed a motion for leave to file the answer and a copy of the answer listing multiple defenses to the complaint. Doc. 7. Ithaca filed a response to HSM's motion for relief from judgment on June 20, 2014. Doc. 8. On July 1, 2014, the trial court overruled the motion for relief from judgment. Doc. 10. HSM then filed its notice of appeal on July 3, 2014. Doc. 11. On appeal, HSM raises the following assignment of error.

> **The trial court failed to grant Appellant's Motion to Set Aside Default Judgment or in the alternative to set said motion for a hearing on the matter.**

{¶4} The sole assignment of error claims that the trial court erred in denying HSM's motion for relief from judgment.

> **On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.**

Civ.R. 60(B). In order for a party to be entitled to relief from judgment they must show 1) that the moving party has a meritorious defense; 2) that the moving party is entitled to relief from judgment under one of the grounds set forth in Civil Rule 60(B); and 3) that the motion was timely filed. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Civil Rule 60(B) is a remedial rule and is to be liberally construed "so that the ends of justice may be served." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996).

> **"If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion."**

*Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983) (quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (1974)). The failure to grant a hearing on the motion when it contains allegations of operative facts that would warrant relief is an abuse of discretion. *Kay, supra* at 19.

{¶5} In this case, HSM claims that it failed to file a timely answer due to mistake, inadvertence or excusable neglect as set forth in Civ.R. 60(B)(1). There is no dispute that the motion was timely filed as it was filed a mere six days after the motion for default judgment was filed and five days after the motion for default judgment was granted. Additionally, the affidavit alleges that HSM

learned of the default judgment on June 13, 2014, so filed its motion and an accompanying motion to file the answer along with the answer a mere three days later.[1] There was also no dispute by the parties that the answer that was filed with the motion to file the answer alleged potentially meritorious defenses. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). The trial court however did not address the issue of meritorious defenses and we will not do so either. This leaves only the question as to whether HSM would be entitled to relief for mistake, inadvertence or excusable neglect.

{¶6} In *Kay, supra*, the Ohio Supreme Court addressed whether a defendant should have been granted relief from a default judgment due to excusable neglect for failing to file the answer timely. The complaint was served on the defendant on November 15, 1993. The defendant in *Kay* had prepared the answer in a timely manner, but instead of filing it, the answer was placed in the file and not sent to the plaintiff or the trial court. On January 11, 1994, plaintiff moved for default judgment which was granted on February 7, 1994, after a hearing on damages. On February 16, 1994, the defendant moved for relief from the default judgment pursuant to Civil Rule 60(B)(1). Along with the motion, the defendant attached

---

[1] This court notes that if HSM had been correct in its erroneous belief that service was perfected on May 19, the answer would have been timely filed.

affidavits explaining what had happened. The trial court denied the defendant's motion without a hearing. The appellate court affirmed this judgment finding it was not excusable neglect. However, on appeal to the Supreme Court, the judgment was reversed. As discussed above, the Supreme Court held that it was an abuse of discretion for failing to hold a hearing on the motion prior to ruling on it. Additionally, the Supreme Court held that excusable neglect is "an elusive concept which has been difficult to define and apply." *Id*. at 20. The Court went on to say that inaction of an attorney is not excusable neglect if it can be labeled as "a complete disregard for the judicial system." *Id*. citing *GTE, supra*. A movant is required to support its motion with more than mere allegations, but need not provide evidentiary materials. *Id*. The Supreme Court held that the defendant in *Kay* met the standard for providing support when it attached affidavits and also filed an answer. *Id*. According to the Supreme Court, this was sufficient to meet the requirements and held that the trial court erred by not granting the motion for relief from judgment. *Id*.

{¶7} The determination as to whether counsel's failure to file an answer is the result of mistake, inadvertence, or excusable neglect is to be construed liberally. *Kay, supra*. "[D]oubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE, supra* at 151. The prevailing theory of jurisprudence in Ohio is that cases should

be decided on their merits when possible and not on mere technicalities. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 431 N.E.2d 644 (1982); *Rice v. Gen. Dynamics Land Sys.*, 86 Ohio App.3d 841, 621 N.E.2d 1304 (3d Dist. 1993); *Previte v. Piunno*, 187 Ohio App.3d 761, 2010-Ohio-1747, 933 N.E.2d 1127 (8th Dist.); and *McCollum v. Bolgrin*, 5th Dist. Stark No. 2013CA00136, 2014-Ohio-1167. A review of the law in this case shows that the civil rules anticipate that attorneys and parties will make mistakes and inadvertently fail to do something that should be done, such as timely file an answer. That is why the language of Civil Rule 60(B) includes "mistake, inadvertence, and excusable neglect" as a basis for granting relief from judgment. Contrary to the determination of the trial court, the terms "mistake" and "excusable neglect" are not strictly defined. The Supreme Court has held that they are elusive concepts that can only be viewed based upon all of the individual facts and circumstances before the court.

{¶8} A review of the facts in this case shows that the on-line docket indicates a docket entry regarding the filing date of "5/19/14", and then, when viewed in a small font, has the numbers 051214 without an explanation as to what those numbers are.[2] There is no question that counsel for HSM made a mistake. It is also clear that this mistake led to HSM inadvertently not filing the answer on time. However, it is not so clear that this mistake rose to the level of "a complete

---

[2] When viewed in a large font, the numbers are not present.

disregard for the judicial system." The facts in this case indicate that the motion for default judgment was filed on June 10, 2014, which was a Tuesday.[3] The motion was granted on Wednesday, June 11, 2014. Counsel for HSM contacted counsel for Ithaca to seek an extension to file an answer on Friday, June 13, 2014. The motion for relief from judgment along with a motion to file the answer and a copy of the answer was filed with the trial court on Monday, June 16, 2014. The motion for relief was filed on the next business day and less than a week after the motion for default judgment was granted. This timeline does not indicate an intent to "ignore the answer date with impunity" as indicated by the trial court. It also does not indicate that HSM was acting in any manner in which to delay justice. The affidavits supporting the motion for relief from judgment indicate that the failure to file the answer in a timely manner was the inadvertent mistake of counsel based upon the failure to correctly understand how to read the docket. This is the type of mistake and inadvertent behavior that Civil Rule 60(B) was meant to remedy. Additionally, Ithaca would not have suffered any prejudice from having the motion granted other than it would have been forced to prove its case at trial. However, this court cannot determine whether the motion for relief from judgment should have been granted because the question of whether HSM has a meritorious defense or claim to present if relief is granted was not answered

---

[3] This was the first possible day that the motion could have been filed.

by the trial court. This matter must be resolved. Therefore, the trial court needs to hold a hearing on the motion to resolve this issue. For this reason, the assignment of error is sustained and the judgment is vacated.

{¶9} Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Wyandot County is reversed and the judgment is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**