[Cite as *Miller v. MetroHealth Med. Ctr.*, 2017-Ohio-653.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104296**

# HANSFORD MILLER

PLAINTIFF-APPELLANT

vs.

# METROHEALTH MEDICAL CENTER, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848117

**BEFORE:** Kilbane, P.J., Stewart, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 23, 2017

**ATTORNEY FOR APPELLANT**

George K. Simakis
George K. Simakis, L.L.C.
4186 Pearl Road
Cleveland, Ohio 44109-3337


**ATTORNEYS FOR APPELLEE**

Kris H. Treu
Y. Timothy Chai
Moscarino & Treu, L.L.P.
The Hanna Building
1422 Euclid Avenue - Suite 630
Cleveland, Ohio 44115

MARY EILEEN KILBANE, P.J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Plaintiff-appellant, Hansford Miller ("Miller"), appeals from the trial court's decision granting summary judgment to defendants-appellees, MetroHealth Medical Center ("MetroHealth") and Dr. Paul Priebe, M.D. ("Dr. Priebe"), in Miller's action for medical malpractice and other claims. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

{¶3} In 2012, Miller, a patient of attending surgeon Dr. Priebe at MetroHealth, was diagnosed with bilateral inguinal and umbilical hernias. On June 11, 2012, Dr. Priebe performed surgery to repair the hernias. Dr. Nathaniel Liu, M.D. ("Dr. Liu") assisted Dr. Priebe with the surgery.[1] By June 16, 2012, Miller suffered a bowel obstruction. Dr. Priebe performed a second surgery. After this surgery, Miller experienced no additional postoperative complications.

{¶4} On July 9, 2015, Miller filed a complaint against Dr. Priebe and MetroHealth, alleging medical malpractice and medical malpractice via agency in connection with Dr. Priebe's June 11, 2012 surgery. His complaint also included a battery cause of action because of the lack of informed consent to the June 16, 2012 surgery.[2] Dr. Priebe and

---

[1]Miller did not name Dr. Liu as a party to this case.

[2]Miller originally filed a malpractice claim against defendants in May 2013, but dismissed it without prejudice in July 2014. *See Miller v. MetroHealth Hosp.*, Cuyahoga C.P. No. CV-13-806570.

MetroHealth denied liability. On September 9, 2015, the trial court issued an order setting the dates for discovery, exchange of expert reports, and final pretrial and trial.

{¶5} On October 8, 2015, MetroHealth and Dr. Priebe were granted leave to file a motion for summary judgment on the battery claim, arguing that there was written consent for both surgeries. MetroHealth and Dr. Priebe were also granted leave to file additional evidentiary materials in support of this motion on November 12, 2015.

{¶6} On November 6, 2015, Miller filed a combined brief in opposition and contra motion for summary judgment. Miller asserted that although he read and signed both consent forms, he did not consent to Dr. Liu's participation in the June 11, 2012 surgery and he did not consent to Dr. Priebe performing the June 16, 2012 surgery. Miller also asserted that defendants committed malpractice in connection with the June 11, 2012 surgery, and then performed a "cover up" surgery on June 16, 2012.

{¶7} Two days later, on November 8, 2016, Miller filed a "motion for leave to file plaintiff's brief in opposition to defendants' motion for summary judgment with affidavit in support and plaintiff's contra motion for summary judgment." Miller asked the court to disregard the November 6, 2015 combined brief and motion because of clerical errors. Miller's counsel explained to the trial court that he had attempted to file his brief in opposition to defendants' motion for summary judgment on November 5, 2015 but "unexpectedly encountered technical equipment and PDF software failures which prevented him from doing so. Finally, on November 6, 2015, counsel was able to file [the document] however such was inadvertently incomplete[.]" This document was also

incomplete, however, because it contained an excerpt from Miller's deposition but did not contain the supporting brief in opposition.

{¶8} On November 9, 2015, the trial court issued two journal entries stating:

The docket entry stating motion filed for plaintiff's brief in opposition is stricken. This is not a motion, it is a brief in opposition to the pending motion. The docket entry containing the deposition testimony filed 11/8/15 is also stricken, it is not a motion, it is an exhibit. The plaintiff's motion for leave to file its brief in opposition instanter due to e-filing problems with the clerk's office is granted. The response is deemed timely filed. Dates and orders remain in effect. Notice issued.

Clarification for the docket; the partial motion for summary judgment remains pending and the court is in receipt of the response. Notice issued.

{¶9} On November 12, 2015, the trial court granted MetroHealth and Dr. Priebe leave to file a reply brief with additional evidentiary materials instanter. By the next day, November 13, 2015, Miller was still apparently experiencing difficulties with e-filing and, as he informed this appellate panel, he filed his affidavit in support of his brief in opposition to summary judgment and contra motion for summary judgment through conventional "over the counter filing" of the written document and also served a courtesy copy on the court.

{¶10} On November 15, 2015, a Sunday, the trial court issued an order noting that Miller had not obtained leave of court to file his contra motion for summary judgment. The trial court struck both Miller's contra motion for summary judgment and his brief in opposition, then gave Miller "leave to 11/16/15 to file [his] brief in opposition to the motion for summary judgment only." Miller failed to file his brief in opposition by that

date, and on November 29, 2015, the trial court granted defendants summary judgment on the battery (lack of consent) claim.

{¶11} In January 2016, defendants were granted leave to file a motion for summary judgment on the medical malpractice claims. Defendants presented evidence that Miller's medical expert, Dr. Michael Wingate, M.D. ("Dr. Wingate"), advised the parties during deposition that he would not testify as to medical negligence, including the standard of care for the surgeries, breach of the standard, and proximate cause. Instead, Dr. Wingate testified solely as to the issue of lack of informed consent in connection with both surgeries. Further, defendants argued that, despite plaintiff's claims to the contrary, Miller's signed consent forms demonstrate that he consented to Dr. Priebe performing the second surgery, the risks and benefits of the surgeries were explained to him, and he was also advised of alternative treatments.

{¶12} In opposition, Miller insisted that Dr. Wingate's opinions, along with Dr. Priebe's deposition testimony regarding the dangers presented from a bowel obstruction, were sufficient to create a jury question as to medical negligence and lack of informed consent. On March 1, 2016, the trial court granted defendants summary judgment on the medical malpractice claims.

{¶13} Miller now appeals, assigning the following three errors for our review:

Assignment of Error One

The Trial Court erred when it struck Appellant's Brief in Opposition to Appellees' Motion for Partial Summary Judgment (battery claim) because the aforementioned Brief in Opposition was struck on the basis of format only, the aforementioned Brief in Opposition was previously accepted by

the trial court, Appellees did not move to strike the aforementioned Brief in Opposition, and the very brief leave granted by the trial court to refile the aforementioned Brief in Opposition was unreasonable and an abuse of discretion.

Assignment of Error Two

The Trial Court erred when it granted Appellees' Motion for Partial Summary Judgment (battery claim) because Appellant did not consent to receiving medical care and treatment from Appellee Paul Priebe, M.D., on or about June 16, 2012.

Assignment of Error Three

The Trial Court erred when it granted Appellees' Motion for Partial Summary Judgment (medical malpractice claim) because Appellant's medical expert, Michael Wingate, M.D. had rendered expert opinions in favor of Appellant's medical malpractice claim.

<u>Order Striking Brief in Opposition/Miller's Motion for Summary Judgment</u>

**{¶14}** In his first assignment of error, Miller complains that the trial court erred in refusing to permit him to file his "brief in opposition to defendants' motion for summary judgment and [his] contra motion for summary judgment" as a single document, and in striking this document from the record. He also complains that, although the trial court issued another order on November 15, 2015, allowing him to file a brief in opposition to defendants' motion for summary judgment, this order, issued on a Sunday, unreasonably gave him a single day in which to do so.

**{¶15}** We note that a trial court has discretion in managing its docket, setting case schedules and imposing discovery sanctions for violations of court rules and scheduling

orders. *Sonis v. Rasner*, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 70 (8th Dist.), citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 1996-Ohio-159, 662 N.E.2d 1, syllabus. We review a court's ruling on a motion to strike for an abuse of discretion. *Ruple v. Midwest Equip. Co.*, 8th Dist. Cuyahoga No. 95726, 2011-Ohio-2923, ¶ 5; *Root v. PCC Airfoils, Inc.*, 8th Dist. Cuyahoga Nos. 73149, 73150, 73402, 73403, 73404, 1998 Ohio App. LEXIS 4652 (Oct. 1, 1988).

{¶16} The record reveals that the trial court set a trial date on September 3, 2015. At that point, the parties were required to obtain leave of court before filing motions for summary judgment. Civ.R. 56(B). MetroHealth was granted leave to file its partial motion for summary judgment on October 8, 2015. On November 6, 2015, Miller filed a combined brief in opposition and contra motion for summary judgment. Two days later, Miller filed a "motion for leave to file plaintiff's brief in opposition to defendants' motion for summary judgment with affidavit in support and plaintiff's contra motion for summary judgment." Miller's counsel explained to the trial court that he had attempted to file his brief in opposition to defendants' motion for summary judgment on November 5, 2015, but "unexpectedly encountered technical equipment and PDF software failures which prevented him from doing so." Although Miller asked the court to strike his brief and contra motion filed on November 6, 2015, he was not able to file a proper replacement brief as the November 8, 2015 brief was incomplete.

{¶17} On November 9, 2015, the trial court issued a journal entry striking the documents that Miller filed on November 8, 2016. On November 12, 2015, the trial court granted MetroHealth and Dr. Priebe leave to file a reply brief with additional evidentiary materials instanter. On November 13, 2015, Miller's counsel was still apparently experiencing difficulties with e-filing so he filed an affidavit in support of his brief in opposition and contra motion for summary judgment through conventional "over the counter filing" of the written document and also served a courtesy copy on the court. Two days after that, on Sunday November 15, 2015, the court issued an order striking both Miller's brief in opposition to defendants' motion for summary judgment and his contra motion for summary judgment. The court then gave Miller "leave to 11/16/15 to file [his] brief in opposition to the motion for summary judgment only." Miller did not meet that deadline.

{¶18} From the foregoing, we conclude that the trial court acted unreasonably in issuing the November 15, 2015 order striking both Miller's brief in opposition and contra motion for summary judgment. Miller clearly advised the trial court of the difficulties that he faced in e-filing and in complying with the court's orders. He clearly made many good faith attempts to place his arguments in opposition to defendants' motion before the court, and tried on several different occasions to comply with the court's orders. We conclude that the court should have simply striken the improper portions of Miller's documents without striking the documents in their entirety. Moreover, it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits

rather than technicalities. *See Previte v. Piunno,* 187 Ohio App.3d 761, 2010-Ohio-1747, 933 N.E.2d 1127, ¶ 9 (8th Dist.).

**{¶19}** The first assignment of error is well taken.

Battery Claim

**{¶20}** In the second assignment of error, Miller asserts that the trial court erred in granting defendants' motion for partial summary judgment on the battery claim because there is a genuine issue of material fact as to whether he consented to Dr. Priebe performing the June 16, 2012 surgery.

**{¶21}** In light of our disposition of the first assignment of error, this assignment of error is moot and will not be addressed. App.R. 12(A)(1)(c).

Medical Malpractice

**{¶22}** In his third assignment of error, Miller asserts that the trial court erred in awarding summary judgment to MetroHealth and Dr. Priebe on his medical malpractice claim. In January 2016, the trial court granted MetroHealth and Dr. Priebe leave to file summary judgment on Miller's medical malpractice claim, after the deposition of Miller's expert, Dr. Wingate. This was two months after the trial court granted defendants summary judgment on Miller's battery claim.

**{¶23}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367,

369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.

{¶24} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶25} In a medical malpractice case, the plaintiff must establish the standard of care within the medical community, that the defendant breached that standard, and that the breach proximately caused the injury. *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 346 N.E.2d 673 (1976), paragraph one of the syllabus (the injury was proximately caused by the doing of some particular thing that a physician of ordinary skill, care, and diligence would not have done under similar conditions or by the failure to do some particular thing that such a physician would have done under similar conditions). The *Bruni* court went

on to state that proof of the recognized standards of care ordinarily must be provided through expert testimony. *Id.* at 131-132. The trial court may enter summary judgment in favor of the defendant-physician if the plaintiff fails to present expert testimony that a physician breached the applicable standard of care and that the breach constituted the direct and proximate cause of the plaintiff's injury. *Kinasz v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 103758, 2016-Ohio-2949, ¶ 20.

**{¶26}** During Dr.Wingate's deposition, Dr. Wingate retracted some of his earlier statements that Dr. Priebe's surgery techniques violated the standard of care. While Miller's expert, Dr. Wingate, did retract some of his previous opinions, he did not retract his statement that Dr. Priebe violated the standard of care when he failed to obtain informed consent from Miller. Dr. Wingate also did not retract his statement that Miller would have died "from organ strangulation" as a complication of the June 11, 2012 procedure, and Dr. Priebe likewise acknowledged that Miller experienced this dangerous complication following that surgery.

**{¶27}** We are mindful that when reviewing motions for summary judgments, doubts must be resolved in favor of the nonmoving party. *Murphy* 65 Ohio St.3d at 358-359, 1992-Ohio-95, 604 N.E.2d 138. When reviewing the evidence in the instant case, we find that it is sufficient to demonstrate a genuine issue of fact for trial with respect to the medical malpractice claim.

**{¶28}** Therefore, the third assignment of error is sustained.

**{¶29}** Judgment reversed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (SEE SEPARATE CONCURRING OPINION)

SEAN C. GALLAGHER, J., CONCURRING:

**{¶30}** I concur with the judgment and analysis of the majority. I write separately to balance our decision to reverse in light of a trial judge's right to manage that judge's docket. This is an experienced trial judge who runs a very efficient docket. I understand the trial court's desire to apply a strict procedural ruling to these facts. Nevertheless, our judgment to reverse is based on the belief that where problems with something like electronic filing are present and known and the party's argument was at some point properly before the court, it is better that the matter be decided on the merits

instead of applying a strict application of a procedural rule.   Here, the court struck all filed documents and only provided a day for the party to refile the stricken material in the proper form.   It is for that reason that I fully agree with the majority's decision.