[Cite as *Schmidt v. Patriot Concrete, L.L.C.*, 2025-Ohio-428.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

THOMAS SCHMIDT, ET AL.,

    PLAINTIFFS-APPELLEES,

  v.

PATRIOT CONCRETE, LLC,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-15

**O P I N I O N**

Appeal from Allen County Common Pleas Court
Trial Court No. CV 20220281

**Judgment Reversed**

Date of Decision:  February 10, 2025

APPEARANCES:

    *J. Grant Neal* **for Appellant**

    *Jeffrey M. Stopar* **for Appellees, Thomas Schmidt and Mark Simmons**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Patriot Concrete, LLC ("Patriot"), appeals the January 25, 2024 judgment of the Allen County Court of Common Pleas denying Patriot's motion to set aside the default judgment in favor of plaintiffs-appellees, Thomas Schmidt and Mark Simmons ("plaintiffs"). For the reasons that follow, we reverse.

{¶2} This case arises from a lawsuit initiated by plaintiffs against Patriot and other adjoining property owners asserting causes of action based on trespass, nuisance, intentional interference with water flow, and violations of village ordinances regarding zoning and setback requirements. As it relates to Patriot, plaintiffs' complaint alleges that Patriot, beginning in 2005 and continuing through 2019, routinely dumped debris at the back of its property creating a "berm" that is approximately five feet above plaintiffs' property. (Doc. No. 1). The complaint further alleges that "[p]rior to 2005, Patriot built a non-permitted" building on its property that violates the village's 40-foot rear yard setback requirement. (*Id.*). Plaintiffs claim that the berm and "non-permitted" building have led to regular flooding of their property. (*Id.*).

{¶3} In addition to monetary damages, plaintiffs' complaint seeks a judgment ordering Patriot "to return the grade of the land within thirty (30) feet of Plaintiffs' Property to its natural grade." (*Id.*). The complaint further seeks that

Patriot be ordered to make its property "comply with the Bluffton Zoning Code." (*Id.*).

**{¶4}** Plaintiffs' complaint was filed on July 11, 2022, and Patriot was served with the summons and complaint on July 18, 2022. (*See* Doc. No. 2).

**{¶5}** On August 16, 2022, Phillip Shank ("Shank"), purported owner and president of Patriot, filed "a response to summons on complaint" on behalf of Patriot. (Doc. No. 7).

**{¶6}** On September 8, 2022, plaintiffs filed a motion to strike Shank's proffered answer on behalf of Patriot since Shank is not a licensed attorney. The following day, on September 9, 2022, the trial court issued an order striking Shank's proffered answer from the record. The September 9, 2022 order further stated that Patriot is "given 21 days from the date of this Order to respond to Plaintiffs' Complaint or will be found to be in default." (Doc. No. 9).

**{¶7}** The docket of the trial court's clerk shows that the trial court's September 9, 2022 order was mailed to Patriot that same day and returned to the clerk on September 20, 2022 as "return to sender not deliverable as addressed unable to forward." (Doc. No. 10). The docket further shows that a "copy" was "remailed" to Patriot on September 28, 2022. The mailing, however, was returned to the clerk on October 7, 2022 as "return to sender not deliverable as addressed unable to forward." (Doc. No. 13).

{**¶8**} On December 1, 2022, plaintiffs moved for default judgment against Patriot due to its failure to file an answer or otherwise respond to plaintiffs' complaint. Plaintiffs' motion requested, among other things, an order requiring Patriot to make its property "comply with the Bluffton zoning code" and "to return the grade of the land within thirty (30) feet of Plaintiffs' Property to its natural grade." (Doc. No. 29).

{**¶9**} On December 20, 2022, the trial court granted default judgment in favor of plaintiffs and ordered Patriot to make its property "comply with Bluffton, Ohio zoning codes" and "return the grade of land within thirty feet of [plaintiffs'] property to its natural grade." (Doc. No. 35). The trial court also ordered Patriot to pay plaintiffs' reasonable attorney fees and set the matter for hearing on February 24, 2023.

{**¶10**} On March 3, 2023, the trial court ordered Patriot to pay plaintiffs' attorney fees in the amount of $4,142.07. (*See* Doc. No. 55).

{**¶11**} On September 5, 2023, plaintiffs filed a motion to show cause arguing that Patriot should be held in contempt of court for violating the December 20, 2022 default judgment and the March 3, 2023 order. Specifically, plaintiffs' motion asserted that Patriot failed to make its property "comply with the Bluffton, Ohio zoning codes" and "to return the grade of the [l]and . . . within 30 feet of Plaintiffs' Property to its natural grade." (Doc. No. 63). Plaintiffs' motion also asserted that Patriot failed to pay reasonable attorney fees of $4,142.07.

-4-

{¶12} On October 5, 2023, counsel for Patriot filed an entry of appearance. Thereafter, a notice of substitution of counsel for Patriot was filed on October 24, 2023.

{¶13} A show cause hearing was held on November 28, 2023.[1]  Plaintiffs and Patriot appeared at the hearing with their respective counsel.  Shank was also present at the hearing.  Following the show cause hearing, the trial court found Patriot in contempt for not complying with the December 20, 2022 default judgment and the March 3, 2023 order.  The trial court imposed a $250 fine and granted Patriot the opportunity to purge itself of the contempt and avoid the fine by complying with the default judgment and order within 90 days.

{¶14} In reaching its contempt finding, the trial court determined that "[t]here is no question that [Patriot] was properly served with the complaint at 195 Hillcrest." (Doc. No. 92).  As to service of plaintiffs' motion for default judgment, the trial court found that Patriot was served by regular mail at the 195 Hillcrest Drive address "as there was never any notification that said address was wrong."  (*Id.*). The trial court further found that Patriot was served by regular mail with notice of the default judgment as "[t]he docket reflects that the clerk served notice of the trial court's December 20, 2022 judgment on December 21, 2022." (*Id.*).  The trial court also found that Patriot was "correctly served with pleadings by the parties and

---

[1] The transcript of the show cause hearing is not part of the record on appeal.

correctly served with the Court's judgment entries by ordinary mail." (*Id.*). The trial court found Shank's claim "that he was unaware of what was going on in this case or that he had no notice of the Court's judgment entries" to be disingenuous. (*Id.*).

> The record is clear that defendant was aware of the proceedings, because [Shank] called the Court and asked if he should appear at the February 24, 2023 hearing. He never appeared and the Court noted his awareness of the hearing on the record at the February 24, 2023 hearing. Mr. Shank offered no evidence to contradict this other than his own self-serving statement that the address where he was served with the complaint was not his address. He never made any formal attempt to change his address in the record.

(*Id.*). Because Shank "never formally notified the clerk of courts, the trial court, or plaintiffs that his address had changed," the trial court concluded that Patriot's "only formal address in this case has always been the Hillcrest [a]ddress." (*Id.*).

{¶15} On January 10, 2024, Patriot filed a motion to set aside the December 20, 2022 default judgment. Patriot argued that the default judgment should be set aside because it was never served with the September 9, 2022 order striking Shank's proffered answer, plaintiffs' motion for default judgment, and the December 20, 2022 default judgment. In support of its motion, Patriot attached the affidavit of Shank averring the he previously lived at the 195 Hillcrest Drive address until the property was sold on August 6, 2018. The affidavit states that Shank received the complaint and attempted to file an answer on behalf of Patriot. The affidavit further states that Shank "was never served with a judgment entry striking my Answer from

the record . . . or ordering me to issue a response within 21 days of said entry." (Doc. No. 121). Shank avers that he was never served with plaintiffs' motion for default judgment, and the December 20, 2022 default judgment. "At some point during the pendency of this action, on a date I do not recall, I called the Court to indicate that I was not receiving documentation that was filed in this case and provided my home address at that time." (*Id.*).

{¶16} As to Patriot's defense to plaintiffs' claims, Shank's affidavit states that he has not dumped debris on plaintiffs' property, he is not aware of any violations of village zoning codes related to Patriot's property, and that to return the grade of Patriot's property within 30 feet of plaintiff's property to its natural grade would require the demolition of a building on Patriot's property. Patriot's motion also includes the affidavit of the village administrator wherein the administrator avers that he has personal knowledge of Patriot's compliance with village zoning codes. The administrator's affidavit explains that Patriot's property is located in a commercial district and that the property is exempt from the setback requirements to allow a business to operate thereon. The administrator avers that the building on Patriot's property is on a permanent foundation and does not obstruct the floodway.

{¶17} Plaintiffs did not file a response to Patriot's motion to set aside the December 20, 2022 default judgment.

**{¶18}** On January 25, 2024, *without a hearing*, the trial court denied Patriot's motion.

**{¶19}** On February 23, 2024, Patriot filed its notice of appeal raising a single assignment of error.

### Assignment of Error

**The Trial Court Erred By Denying Defendant/Appellant's Motion To Set Aside Default Judgment Entry Because Appellant Was Never Served With The Trial Court's Order Directing It To File An Answer Within 21 Days Of The Date Of Said Order Or With The Plaintiff[s'] Motion For Default Judgment Pursuant To Rule 5 Of The Ohio Rules Of Civil Procedure.**

**{¶20}** In its sole assignment of error, Patriot argues that the trial court erred by denying its motion to set aside the December 20, 2022 default judgment. "If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." Civ.R. 55(B).

### *Standard of Review*

**{¶21}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). "An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable." *Snider v. Snider*, 2025-Ohio-77, ¶ 13 (3d Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶22} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one prong of *GTE*'s three-prong test is not satisfied. *Roweton v. Willis*, 2018-Ohio-1770, ¶ 16 (3d Dist.).

{¶23} "Civil Rule 60(B) is a remedial rule and is to be liberally construed 'so that the ends of justice may be served.'" *Ithaca Distrib., Inc. v. High Std. Mfg. Co.*,

2015-Ohio-223, ¶ 4 (3d Dist.), quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996).

> "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion."

*Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist. 1974). "The failure to grant a hearing on the motion when it contains allegations of operative facts that would warrant relief is an abuse of discretion." *Ithaca* at ¶ 4.

**{¶24}** In this case, the trial court denied Patriot's motion to set aside the December 20, 2022 default judgment *without* holding an evidentiary hearing and *without* considering whether Patriot satisfied the requirements of *GTE*'s three-prong test. Instead, the trial court determined that Patriot was "correctly served with the Court's judgment entries by ordinary mail" even though the docket shows that Patriot did not receive service of the trial court's September 9, 2022 order striking Shank's proffered answer. (Doc. No. 123). Specifically, the docket shows that the mailing of the September 9, 2022 order was returned to the clerk as being undeliverable—*twice*. (*See* Doc. Nos. 10, 13). Moreover, the docket shows that additional trial court entries were mailed to Patriot and returned to the clerk as "return to sender not deliverable as addressed unable to forward." (Doc. Nos. 17, 28, 40).

{¶25} Based on our review of the record, we conclude that Patriot's motion to set aside the December 20, 2022 default judgment and supporting affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B) such that the trial court should have held an evidentiary hearing to verify these facts before ruling on the motion. *See Coulson*, 5 Ohio St.3d at 16; *Ithaca*, 2015-Ohio-223, at ¶ 4 (3d Dist.). In particular, Patriot has alleged operative facts with respect to each prong of *GTE*'s three-prong test entitling it to a hearing.

{¶26} First, Patriot's motion and the supporting affidavits of Shank and the village administrator proffer a meritorious defense to plaintiffs' claims. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶27} Second, Patriot's motion and Shank's supporting affidavit contain allegations of lack of service of the trial court's September 9, 2022 order striking Shank's proffered answer, plaintiffs' motion for default judgment, and the December 20, 2022 judgment default. Moreover, as previously stated, the record in this matter supports the lack-of-service allegation as it relates to the September 9, 2022 order. (*See* Doc. Nos. 10, 13). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). "Relief on this ground should be granted only in extraordinary situations,

-11-

where the interests of justice require it." *Bish Constr., Inc. v. Wickham*, 2013-Ohio-421, ¶ 16 (3d Dist.).

**{¶28}** Third, in light of the aforementioned lack-of-service allegations, Patriot's motion and Shank's supporting affidavit present operative facts that the motion was made within a reasonable time. Additionally, on appeal, Patriot argues that it did not become aware of the default judgment and subsequent contempt proceedings until "September of 2023" when Shank spoke with "a co-defendant who resides next to Patriot Concrete's principal place of business." (Appellant's Brief at 7). Thereafter, Patriot filed its motion to set aside the default judgment on January 10, 2024. "What constitutes 'reasonable time' for filing the motion under Civ.R. 60(B) depends upon the facts of the case." *McBroom v. McBroom*, 2003-Ohio-5198, ¶ 34 (6th Dist.).

**{¶29}** Based on the foregoing, we conclude Patriot's motion to set aside the December 20, 2022 default judgment and supporting affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B) such that it was an abuse of discretion of the trial court to deny the motion without holding an evidentiary hearing. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**{¶30}** Patriot's sole assignment of error is sustained.

**{¶31}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed*
*and Cause Remanded*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**